Toomer Judge.
 

 This is an action on the case for slanderous words. The Defendant pleaded “not guilty,5* and “statute of limitations.” To the first plea, no replication was entered ; but according to our practice, a general replication is always understood, when there is no special replication and it is considered that issue was joined thereon.
 

 The second pica, of which the foregoing memorandum was made on the docket, is,
 
 “
 
 that the action was not brought within six months afttcr the words were spoken.” To this latter plea there was a special replication,
 
 “
 
 that the Plaintiff was, at the time the words were spoken, an infant, under the age of twenty-one years, and so continued until the bringing of the suit,” and issue was taken thereon. By this replication, the fact set forth in Defendant’s plea is not
 
 denied;
 
 it is thereby virtually admitted, that the cause of action did not accrue within six months before the bringing of the suit j but the Plaintiff confesses,, and avoids it by replying infancy.
 

 To try these issues a Jury was empanneled, wdio found “ the Defendant guilty of speaking the words charged in tiic Plaintiff’s declaration,' and that they were spoken before the issuing of the Plaintiff’s writ, and within six months.” To the second issue, the Jury did not respond, but contradicted by their verdict a fact which was confessed by the pleadings. That the words bad not been spoken within six months before the bringing of the action, was not denied by the pleadings. The Jury was empanneled to try the issue of infancy — to inquire whether the Plaintiff was an infant under the age of twenty-one years, when the words were spoken, and so continued until the bringing of the suit. To this Issue
 
 *89
 
 there was no response. The verdict should be set aside? and a
 
 venire facias de novo
 
 awarded.
 

 The special replication to the plea of the statute of ÍL-mitations was not entered, until several terms had elapsed after the plea had been pleaded. A general replication was then understood to have been filed to this plea; anda special replication could riot have been subsequently entered, unless with leave of the Court, by motion to amend the pleadings. The entering of the special replication was a waiver, or abandonment of the general replication ; for the rules of pleadings forbid two replications to the same plea,
 
 except
 
 to the plea of
 
 set-off,
 
 which is in its nature a new action — a statutory substitute for a cross action. And as the Defendant may, by our Court-Jaw, "plead as many several matters as may be necessary to his defence should he, instead of bringing a cross action, avail himself of his statutory privilege, and plead a set off, the Plaintiff would be permitted to make the same defence to the plea, as he could have made to the action. And as he could plead several matters, he must be permitted to reply several matters.
 
 (Worth
 
 v.
 
 Fentress, ante
 
 1 v. 419.)
 

 Per Curiam. — Let the judgment be reversed, and a
 
 venire fadas de novo
 
 issue.