LEWIS D. GAY and wife and others *v.* MARY E. STANCELL and others.

*Practice -- Former Judgment.*

Where a fact has been decided in a Court of Record, neither of the parties shall be allowed to call it in question and have it tried over again, as long as the judgment stands unreversed ; *Therefore,* in an action against the defendant to recover possession of a tract of land which had been allotted to her as dower in an action theretofore had between herself and the plaintiffs herein; *Held,* that the plaintiffs were estopped by the judgment in the former action.

*(Armfield* v. *Moore,* Busb. 157, cited and approved.

CIVIL ACTION, tried at Spring Term, 1876, of NORTHAMPTON Superior Court, before *Watts, J.*

The subject matter of this controversy was a tract of land which belonged to Green Stancell who died in said County in the year 1862, leaving a last will and testament. No executor being named therein, the plaintiff Lewis D. Gay and one Samuel T. Stancell were appointed administrators with the will annexed. The testator directed his lands to be sold and the proceeds to be divided between his children then

living and the issue of a deceased daughter, the latter to take the share of their mother.

Under this power the administrators sold the land at public sale on 22nd December, 1862, and W. W. Peebles became the purchaser in the sum of $3,282 84, obtained a deed on 17th January, 1863, and on the same day reconveyed the land to Samuel T. Stancell. No money was paid by either of the parties in consideration of the purchase of the land and execution of the deeds as aforesaid but the transaction was had by virtue of a verbal agreement between Gay, Stancell and Peebles, that Peebles should bid off the land for Stancell. In their account of sales returned to Court the administrators stated that Samuel T. Stancell was the purchaser of said land. ·

Subsequently judgments were recovered at the instance of creditors in the United States Circuit Court against said Samuel T. Stancell, upon which execution issued and said land was sold by the U. S. Marshal and Robert H. Stancell (one of the plaintiffs) became the purchaser, obtained a deed from the Marshal and reconveyed to Samuel T. Stancell who remained in possession of said land from the date of the said administrators' sale, December 22,.1862, until his death in the year 1872. He left no children or the issue of such. Robert H. Stancell was appointed administrator of said Samuel and is one of the parties plaintiff in his own right and as administrator aforesaid.

The defendant, widow of said Samuel T. Stancell shortly after his death instituted proceedings against the plaintiffs, his heirs at law, for dower in said land, alleging seisin in fee in her said husband and also that said land had descended to the plaintiffs in this action as heirs at law of her intestate husband.

In said proceeding for dower, two of the defendants (now plaintiffs in this action,) Samuel E. and Mattie D. Long were minors and represented by a guardian ad litem.

Upon this statement of facts His Honor a ljud lged that the plaintiffs were not estopped or concluded from asserting title to said land and gave judgment that they were entitled to recover. Appeal by the defendant.

*Mr. D. A. Barnes*, for plaintiffs.
*Messrs. Smith & Strong*, for defendants.

BYNUM, J. The land in dispute belonged to one Green Stancell who died in 1862, leaving a last will and testament wherein he directed the land to be sold and the proceeds to be divided between his children and two grand children, who were to take the share of their deceased mother. One of the children (Samuel T. Stancell) and Lewis D. Gay became the administrators with the will annexed and under the power in the will, sold the land which by agreement, was bid off by W. W. Peebles, who received a deed therefor and shortly afterwards conveyed the land to the administrator, Samuel T. Stancell, no consideration passing between them. The land was subsequently sold for the debts of Samuel and bid off by his brother Robert who reconveyed to him. But this latter sale is immaterial to the question presented. Samuel T. Stancell held possession of the land from his purchase in 1862 until his death in 1872. He left a widow but no children, and the plaintiffs are his heirs at law and also the heirs at law and devisees of Green Stancell, the testator.

The defendant, Mary, the widow of Samuel T. Stancell, instituted legal proceedings against the plaintiffs, the heirs at law of her intestate husband, for the recovery and assignment to her of dower in the lands of which her husband died seized; and therein alleged seisin in fee in the intestate at his death in the land claimed in this action and that the same at his death descended to his heirs at law, the

plaintiffs who were all made parties to the proceedings. Such action was had in these proceedings that the land in controversy was duly allotted and assigned to her as her dower. The plaintiffs now bring this action against the widow to recover the land as the heirs at law of Green Stancell. She sets up the proceedings and judgment in the suit for dower, as an estoppel and bar to this action; and whether the judgment is an estoppel, is the question.

The maxim is *Nemo bis vexari debet pro una et eidem causa* and is the counterpart of the rule in the criminal law, that no one shall be twice brought in jeopardy of life or limb. Hence the judgment of a Court of competent jurisdiction may be relied on as an estoppel in any subsequent case founded upon the same cause of action; and it is immaterial whether the cause of action in which the judgment was given, was the same in the subsequent action or not. The rule is that a point once determined between the parties, or those under whom they claim, may be relied upon as an estoppel in any cause of action that may be thereafter tried. Bigelow on Estoppel, *Introduction*. It is essential, however, that the point should be the same in both cases. But when a fact has been decided in a Court of record, neither of the parties shall be allowed to call it in question and have it tried over again as long as the judgment stands unreversed.

When the defendant, Mary E. Stancell, filed her petition for dower, it was necessary for her to allege that her husband died seized of the premises in fee simple and to bring the heirs at law into Court, as parties to the action. Upon the death of the husband, the lands descended to his heirs at law, and the very purpose of the law in requiring them to be made parties defendant, is that they may litigate their rights and have a judicial determination of the title. The right of dower depended upon the title. The defendants in the action for dower were called upon to contest the title of the intestate or to set up their own, if they had an ad-

verse one. The litigation resulted in a judgment for the widow. Whether the heirs set up any claim of title under Green Stancell, does not appear; if they did, the judgment of the Court was adverse to the claim; if they did not, they had the opportunity which the law provides for their protection and they failed to avail themselves of it; and in either case the judgment is against them as res *adjudicata* and is conclusive between the same parties in this action. The case is not distinguishable from *Armfield* v. *Moore*, Busb.. 157. There James Moore, Jane Moore and Elizabeth Carns,. filed a petition for partition of four slaves which they alleged that they held as tenants in common. Such proceedings. thereupon were had, that the slaves were divided among them. Jane Moore sold hers to Armfield, out of whose possession the negro was afterwards taken by James Moore. Armfield brought an action of replevin against James, who defended upon the ground that Jane Moore was not in fact entitled to a third of the slaves as tenant in common at the time of the partition and in truth was entitled to no share at all, but that that third sold by her to Armfield belonged to James Moore, as the administrator of her husband, Milton Moore. But the Court held that the judgment between the parties in the partition concluded their rights and estopped James Moore from setting up title not only in his own right but also *en autre droit*, as the administrator of Milton Moore, in which right, but for the judgment, he was clearly entitled to recover. As James Moore in the action of replevin was estopped in both rights, personally and as administrator, so here the plaintiffs, who were all defendants in the proceedings for dower, are estopped by the judgment there rendered, not only as the heirs at law of Samuel T. Stancell, but also as the heirs at law of Green Stancell under whom they now claim. So where it appeared that the plaintiff had some years before erected buildings on his wife's land, upon her death her heir at law recovered judgment for the land

and entered into possession under the judgment. The plaintiff subsequently brought suit against the heir to recover the value of the buildings. But the action was not sustained, upon the ground that it was the plaintiff's duty in the former action to defend and protect all his rights. The judgment and possession were a bar to the suit. *Doak* v. *Wiswell*, 33 Maine, 355. Big. on Estop. 99, 103. The ground of the rule, that in a subsequent action you are not permitted to go behind the judgment deciding the same point between the same parties, is that otherwise there would be no end of litigation. It may sometimes operate apparent hardships, but not more so than statutes of limitation and other rules of repose, the necessity and convenience of which all acknowledge. *Duchess of Kingston's case*, 2 Smith L. C. 435 (note). It would appear from the case stated, that the lands of Green Stancell so purchased by Samuel, had never been paid for by him, and that the plaintiffs had received no part thereof as directed by the will. Taking that to be so, two courses of action were left open to the plaintiffs. One treating the sale as void by a direct proceeding to vacate and set aside the judgment in the action for dower and asking for a sale and division pursuant to the terms of the will. The other ratifying the sale by a proceeding to enforce the payment of the purchase money and as ancillary thereto, asserting a lien upon the land. Whether they can now put themselves in a situation to do either, does not sufficiently appear in this case. In no point of view can the plaintiff recover in this action which is brought to recover the land itself. If they claimed as heirs of Samuel T. Stancell, the widow would be entitled to the dower assigned to her. If they claim as the heirs of Green Stancell apart from the estoppel; they are not entitled to recover the land still, as by express provisions of the will they are entitled only to the proceeds of the sale of the land to be divided among them as therein directed.

There is error.    Judgment reversed and judgment here for the defendant.

PER CURIAM.                          Judgment reversed.