BARBARY SIGMON v. JOHN HAWN.

*Dower— Title—Estoppel.*

1. This cause is remanded to the end that additional facts may be found.

2. In a proceeding for dower, where the land is treated by the parties and recognized by the court as belonging to the estate of the deceased husband, and the title as being in his heirs, the judgment rendered is conclusive between the parties and those claiming under them; and hence the widow in such case will be estopped from setting up title to herself in the land embraced in the proceeding.

(*Gay* v. *Stancell*, 76 N. C., 369, cited and approved.)

CIVIL ACTION to recover land tried at Fall Term, 1881, of BURKE Superior Court, before *Seymour, J.*

The plaintiff, Barbara Sigmon, claiming to be the owner of the land in controversy, brings this action for the recovery of the possession thereof. The defendant considering that the land once belonged to the plaintiff, resists her right to the possession upon the ground that her husband, the late Abel Sigmon, disposed of the land in his last will by directing it to be sold by his executors, and by the same will made devises and bequests to the plaintiff, which she has, with a full knowledge of her right to the land, elected to take, and thereby bound herself to submit to the provisions of the will.

At the trial in the court below, a jury was waived by the

parties, and His Honor found the following facts: The defendant is in possession of the land claiming it under a deed from the executors of the said Abel Sigmon who sold it by virtue of the power contained in his will, and have received the purchase money in full. At the time of the execution of her husband's will, the plaintiff executed an instrument which was incorporated in the will, and by which she professed to relinquish her right to her own land, as to which she has never been privily examined, nor has the same been registered. One of the provisions made for the plaintiff in the will is, that if not satisfied with what is given her therein, she may take dower in all the land, and in that event she is to have a certain portion of the personalty. After the lapse of eighteen months from the probate of the will, the plaintiff dissented from the same and filed her petition for dower; but the judge of probate, upon the ground that she had so long delayed declaring her dissent, refused to recognize her right to dower as under the common law, but adjudged her to be entitled to dower under the will of her husband, and so directed it to be assigned; and the same was done. The executors then sold the land in dispute and the defendant became the purchaser, but in making the sale, they professed also to act as the agent of the plaintiff, for which however (as the judge finds) they had no authority. Besides the provision made for plaintiff in her husband's will, there was a legacy given to her only child by the testator larger in amount than the provision made for his other children by a former marriage. The marriage between the plaintiff and her husband took place in May, 1869, and he received of her separate personal property more than she took, of that kind of property, under the will. The dower assigned to her is no greater than it would have been had her husband died wholly intestate.

Upon the foregoing facts, His Honor ruled, as a conclusion of law, that the plaintiff was never put to her election

as to whether she would take, under or against the will; and that the assignment of dower to her, under the circumstances, was no act of election, by which she was barred from setting up claim to her own land; and thereupon it was adjudged that she recover the land of the defendant, from which the defendant appealed.

No counsel for plaintiff.
Messrs. *G. N. Folk* and *M. L. McCorkle*, for defendant.

RUFFIN, J.   In the complaint, the land which is the subject of the action is described as that which is " known as a part of the David Link lands on the waters of South Fork river, and containing by estimation ninety-four acres"; and in the petition for dower filed by the plaintiff in the probate court, (which is made a part of this case,) amongst the lands whereof it is said her husband died seized, mention is made of a tract " known as the David Link land, containing one hundred acres more or less, on the waters of South Fork river."   Judging from the similarity of the two descriptions, we infer that it is the same land referred to in both, and we were assured by counsel who argued the cause before us for the defendant, that such was his understanding of the matter.   If this supposition be correct, and it be true that in the proceeding for dower the land was treated by the parties and recognized by the court as belonging to the estate of the plaintiff's husband, and the title thereof as being in his heirs, we should be constrained to hold that she is estopped by the judgment then rendered, from now setting up title to herself therein.

The very point was made in *Gay* v. *Stancell*, 76 N. C., 369, and it was held that inasmuch as the right to dower depended upon the title, so that in passing upon the one the court must needs consider the other, the judgment was conclusive between the parties and those claiming under them,

and no one would be permitted to again draw in question the title of any portion of the land embraced in the proceeding. We cannot do better than to refer to the opinion of Mr. Justice BYNUM, delivered in that case, for a clear statement of the rule itself, and the reasons upon which it proceeds.

Regarding this as a point upon which the case should turn, independently of the doctrine of election which alone seems to have been considered by the court below, we are unwilling to pass upon it so long as there is the least uncertainty as to the facts of the case, and therefore remand the cause to the end that it be ascertained, in addition to the facts already found by His Honor, whether the land now sued for was really embraced in the plaintiff's petition for dower, and the title thereto recognized and treated as being in the heirs of her husband.

PER CURIAM.                    Judgment accordingly.