W. J. TEMPLE and others v. WILLIAM WILLIAMS, Adm'r.

*Account and Settlement— Guardian—Receiver—Estoppel.*

1. A receiver appointed to take charge of a ward's estate when the guardian is removed, is not invested with the powers of a guardian, but acts under the control of the court until another guardian is appointed.

TEMPLE *v.* WILLIAMS.

2. A settlement made with such receiver, even if had under direction of the court, is not conclusive against the ward, but only raises a presumption that the account and settlement are correct; hence, in this case, the paper writing intended as a "discharge and release" to the defendant administrator, not reported to or sanctioned by the court, can in no way affect the plaintiffs' right to an account. Such presumption may be disproved.

3. The plea of estoppel by former judgment, to be available, must show that the claim in suit has been determined in a former action between the same parties.

(*Becton* v. *Becton*, 3 Jones Eq., 419; *Falls* v. *Gamble*, 66 N. C., 455; *Tuttle* v. *Harrill*, 85 N. C., 456; *Latta* v. *Russ*, 8 Jones, 111; *Finger* v. *Finger*, 64 N. C., 183; *Bryan* v. *Malloy*, 90 N. C., 508, cited and approved.)

CIVIL ACTION, heard at July Special Term, 1884, of PASQUOTANK Superior Court, before *Shepherd, J.*

This action is brought to compel the defendant administrator to render an account and make settlement of the same.

It appears by the record that John Temple died intestate some time in the year 1860, leaving surviving him as his only heirs-at-law and next of kin the plaintiffs, William T. Temple and Delia Ann Temple, then infants of tender years. The defendant, Williams, was duly appointed administrator of the estate of said intestate.

Delia Ann Temple intermarried with the plaintiff, Griffin Hewitt, while she was yet an infant, and died intestate and under coverture, about one year next before the bringing of this action, and her said husband was duly appointed administrator of her estate.

Some time prior to 1872 Joseph S. Jones was appointed *receiver* under the statute, (Acts 1868–'69, ch. 201, §§ 22 and 47. THE CODE, § 1585–1610) to take possession, &c., of the estate of the plaintiff.

William T. Temple and the plaintiff Hewitt were like-

wise appointed *receivers* to take possession of the estate of Delia Ann Temple.

In 1872 these receivers executed to the defendant Williams, administrator, a paper writing, of which the following is a copy:

This is to certify that the undersigned, the next of kin or some of the next of kin of the late Joseph Temple, deceased, have examined the account current of the estate of Wm. Williams, Jr., the surviving administrator of said Joseph Temple, and being satisfied with the same, do, in consideration of ten dollars to them paid, discharge and release the said Wm. Williams, Jr., surviving administrator as aforesaid, and the sureties on the bond given by himself and co-administrator, from all liabilities, claim and demand on account of the administration of the estate of the said Joseph Temple.

In testimony whereof, we have hereunto set our hands and seals this ...... day of ........., A. D., 1872.

(Signed) ·                    JOSEPH S. JONES, [seal,]
                              Receiver for W. J. Temple.
                              GRIFFIN HEWITT, [seal,]
                              Receiver for D. A. Temple.

But they, in fact, received no money or money's worth from the defendant Williams, or any other person, at that or any other time; nor was there *any other accounting* between the said receivers and the said administrators. It seems that the receivers received some notes and bonds of no value on persons totally insolvent. It does not appear, that the said receivers executed said paper writing by the direction of the court appointing them, or that it in any way sanctioned the same.

It is alleged in the complaint, that the paper writing above set forth was obtained by fraudulent representations

made to the said receivers by the defendant Williams, and evidence was introduced tending to establish that fact.

The defendant pleaded the said paper writing as a release and discharge of his liability, denied the alleged fraud in procuring it, and introduced evidence tending to disprove the same.

Quinton T. Sexton, on the 10th of May, 1869, brought his action to the spring term of that year of the superior court of Pasquotank county against the defendant Williams, administrator of said Joseph Temple, and the said William J. Temple and Delia Ann Temple, as heirs at law of the said intestate. They were at that time infants, and the court appointed Joseph S. Jones to be their guardian *ad litem*, in that action. No summons was served upon them. The service of the summons and the complaint was "*accepted*," on the day it was issued, by the said Williams, administrator, and by the said Jones as guardian *ad litem.*

The material parts of the complaint in that action charged in substance, that the said Joseph Temple died intestate in 1860, and the said Williams was appointed administrator of his estate; that the said William J. Temple and Delia Ann Temple and George T. Temple were his only heirs at law; that the said intestate, in his life time, as guardian of the plaintiff, owed him $1,983.16; that the said Williams, administrator, had *exhausted the personal estate* of his said intestate in the payment of funeral expenses, debts, &c.; that the said Joseph Temple died seized of large and valuable real estate which descended to his said heirs at law; that the same was liable and ample to pay the plaintiff's said debt; and that the plaintiff was willing to accept a certain tract of land of the said real estate in discharge of his said debt.

The said Williams, administrator, in his answer, confessed the substance of the complaint and suggested that the offer of the plaintiff to accept the tract of land in discharge of his debt, was a fair one and ought to be accepted. The said

Jones, as guardian *ad litem*, filed an answer for his wards, confessing the allegation of the complaint, and particularly that the *assets in the hands of the said administrator* had been exhausted in the payment of debts, &c., and advised that the plaintiff's proposition to take the tract of land be accepted.

The plaintiff and the defendants in that action, the said Jones representing his said wards, agreed in writing " to refer all the matters in dispute between them " to referees, and " to abide by the decision of said referees as to matters of law and fact as is provided by law."

The court made an order of reference in pursuance of that agreement.

The referees reported that the said Joseph Temple was the guardian of the said plaintiff, and at his death had possession of his ward's estate; that there was due to the plaintiff $1,983.16; that a large part of this sum was the proceeds of land of the plaintiff sold by order of the court of equity; that the personal estate of Joseph Temple in the hands of said administrator had been exhausted in the payment of debts, &c.; that the proposition of plaintiff to take the said tract of land in discharge of his debt was reasonable and proper, and that a decree be made by the court directing that the defendants make title in fee to plaintiffs and the defendants pay the costs.

The court at the said spring term made a decree confirming the said report, and directing the said Williams, administrator, and the other defendants, as such heirs at law by their said guardian *ad litem*, to convey to the plaintiff in fee the said tract of land, and upon the execution of such conveyance, that the plaintiff should execute a release and discharge to said administrator for said debt, and that the defendants pay all the costs including attorney's fees.

The defendants in the present action pleaded the record in that action as an estoppel upon the plaintiffs. They like-

wise pleaded the statute of limitations. Issues were agreed upon by the parties, and, with the findings of the jury, are as follows:

1. Was there a final account between the parties to the receipt or release, and was said receipt or release executed in pursuance thereof? Answer—Yes.

2. Were notes of the estate turned over to Jones and Hewitt in pursuance thereof? Answer—Yes.

3. Was the said receipt or release obtained by reason of the fraudulent representations of the defendant, Wm. Williams? Answer—No.

Whereupon the plaintiffs asked for judgment upon the pleadings, admissions and findings of the jury, which was granted by the court, and the defendants appealed.

No counsel for plaintiffs.
*Messrs. Grandy & Aydlett,* for defendants.

Merrimon, J., after stating the case. The court treated the issues submitted and the verdict of the jury upon them as immaterial, and held that, upon the face of the pleadings, the allegations of the complaint and the admissions of the answer, the plaintiffs were entitled to have an account of the estate of the intestate in the hands of the defendant Williams, administrator, taken, and gave judgment accordingly.

We think the judgment thus granted was a proper one, and that the exceptions of the defendants cannot be sustained.

It appears that the plaintiff William T. Temple and his late sister, Delia Ann Temple, the intestate of the plaintiff Hewitt, were the only next of kin of the intestate of the defendant Williams, administrator; that he never rendered any account of his administration to these next of kin, or to the plaintiff, Hewitt, administrator; but it does not ap-

pear that he certainly ever rendered any account thereof to any proper authority, and at all events, any account thereof binding and conclusive upon the plaintiffs.

The plaintiffs are, therefore, plainly entitled to have an account taken under the order of the court to ascertain what property and effects went into the hands of the defendant Williams, administrator, what disposition he has made of the same, and what, if anything, is due to the plaintiffs according to their respective rights.

The defendants, however, insist that some time prior to 1872, in a proper proceeding for the purpose, Joseph S. Jones was appointed receiver of the estate of the plaintiff, William T. Temple, then an infant, and the plaintiff Hewitt was likewise appointed receiver of the estate of the said Delia Ann, then an infant and his wife, and that these receivers examined an "account current" of the defendant Williams, administrator, were satisfied with the accuracy and justness of the same, and executed to him a "discharge and release" from all liability to account further to the plaintiffs, a copy of which is set out above: and that this "discharge and release" is effective, conclusively binding upon the plaintiffs, and cuts them off from all right to sue for and have an account as demanded in this action.

This paper writing has not the plenary effect the defendants attribute to it. The statute, (Acts 1868–'69, ch. 201, § 22, THE CODE, § 1585) authorizes the court to appoint a receiver in case of the removal of a guardian, for the causes specified, " to take possession of the ward's estate, to collect all moneys due to him, to secure, loan, invest or apply the same for the benefit and advantage of the ward *under the direction and subject to such rules and orders in every respect* as the judge may from time to time make in respect thereto, and the accounts of such receiver shall be returned, audited and settled as the judge may direct." Such receiver is to serve a temporary purpose in place of a guardian, to man-

age and care for the ward's estate under the direction, super-
vision and control of the court, until another guardian shall
be appointed; hence, it is provided, that as soon as another
shall be appointed, he may apply to the court at once for
an order upon the receiver to pay over to him all the money,
estate and effects of the ward. (§ 24 of act cited). The
duties of the receiver are special in their nature. He is
not invested by the law with the powers of a guardian.
He acts under the direction of the court, and his action has
effect because the court directs and sanctions the same.

The action required by the statute (§ 47 of act cited) to be
taken by the solicitor, in the cases provided for, is properly
an action brought by him for the benefit of the ward when
the guardian has been removed, and the infant is not a
necessary, perhaps not a proper party to it. *Becton* v. *Becton*,
3 Jones Eq., 419. The infant is not, therefore, bound as *a
party* to it by the record made in that behalf, and it is not
conclusive upon him when he may afterwards, suing by his
next friend, or suing after he comes of age, call his former
guardian to account. The settlement with a guardian
made by the receiver under the direction of the court only
raises a *prima facie* presumption that the account and report
based upon it are correct.

The present statute is substantially like that in the Re-
vised Code, ch. 54, § 14, and takes the place of it. This
court, in construing that statute in *Becton* v. *Becton, supra*,
decided that the ward was not a necessary party to a pro-
ceeding to appoint a receiver under it, and that a settlement
with the guardian authorized by it was not conclusive upon
his rights.

The court in deciding that such settlement raised simply
a presumption in favor of the guardian, say: "If it were
allowed a greater effect, the proceeding by the attorney-
general or solicitor would, in many cases, be prejudicial to

infants, and it would have been better to have left them to the remedies which they had before the act was passed."

It was not intended that the proceedings under the act referred to should conclude the ward as to his right to call the guardian to account.

So that, in this case, if the paper writing mentioned above, intended as a "discharge and release" to the defendant Williams, administrator, had been sanctioned by the court, it would not be conclusive upon the plaintiffs. It would only, in such case, have raised a presumption in favor of the administrator that the plaintiffs might disprove.

It does not appear from the record that the court in the proceedings in which the receivers were appointed, authorized them to examine the "account current" of the administrator, and in any contingency to execute the "discharge and release" mentioned; nor does it appear that the paper writing, or the transaction of which it purports to be evidence, was ever reported to the court, or in any way had its sanction. So far as appears they executed it without any authority. This was beyond the scope of their powers as receivers in the absence of the order or sanction of the court, and therefore, their action was officious, and can in no way conclude the plaintiffs.

The extraordinary action brought by Sexton against the defendant Williams, administrator, and the plaintiff William J. Temple, and his sister Delia Ann, cannot be upheld as an estoppel of record upon the plaintiffs. That action was brought against them while they were infants, as the heirs-at-law of the intestate of Williams, administrator, and it was no part of its purpose to require of the defendant Williams, administrator, either directly or indirectly, any account of his administration, nor was any such account ordered to be taken, or taken in any aspect of the case. The purpose was, to have the consent of the heirs-at-law, and in such shape as to bind them, to allow a credi-

tor of the intestate of the administrator to have a certain tract of land, that descended to them from the intestate, in discharge of his debt, because the administrator represented that he had no assets to pay it. The action did not propose any inquiry as to what property and effects of the intestate had gone into the hands of the administrator, and what disposition he had made of the same, nor was any such inquiry instituted. The question of why he had no assets to pay the debt was not raised by the pleadings, nor was it intended to raise such question. There was no purpose to raise or settle any question between the administrator and the heirs-at-law as to his administration. The matter of litigation in that action was substantially different from that in this. The material questions embraced and settled by it were different from those presented in this action. The parties to the two actions are different, and the purposes are different. The object of the present action is to compel the defendant administrator to render an account in detail of his whole administration, to ascertain what property and effects went, and ought to have gone into his hands, what disposition he made of the same, and what is due to the plaintiffs respectively.

To sustain the plea of estoppel by former judgment it must appear that the matter, claim or demand in litigation has been tried and determined in a former action, and the identity in effect of the present and former cause of action must appear. Such a plea implies that, in effect, on a former occasion, the plaintiff brought an action against the defendant, or against one under whom the defendant claims, in respect to the very same cause of action now alleged, in which action judgment was given for the plaintiff or for the defendant.

*Falls* v. *Gamble,* 66 N. C., 455; *Tuttle* v. *Harrill,* 85 N. C., 456; *Latta* v. *Russ,* 8 Jones, 111; *Finger* v. *Finger,* 64 N. C.,

183 ; *Russell* v. *Place*, 94 U. S. Rep., 606 ; Big. on Estoppel, 37, 39, 40, 103 *et seq.* ; *Bryan* v. *Malloy*, 90 N. C., 508.

There is no error.  Let this opinion be certified according to law.

No error.                                      Affirmed.