J. H. McELWEE v. W. T. BLACKWELL, J. S. CARR AND J. R. DAY.

*Res Judicata—Judgment.*

1. Where in an action involving the title to property judgment was rendered that the plaintiffs were the owners and the defendant had never been the owner, and the defendant brought another action against those under whom the plaintiffs claimed to recover for injuries done by them to the same property. *Held*, that the judgment in the first action was *res judicata* and a conclusive bar to the second.

2. It is suggested that the proper way to make the defence of another judgment for same cause of action available, is to offer the record in evidence to the jury, leaving the Court to instruct them as to the effect.

[*Blackwell Manufacturing Co.* v. *McElwee*, 94 N. C., 425. Commented upon and distinguished.

CIVIL ACTION, tried before *Phillips, J.*, at August Term, 1888, of Rowan Superi r Court.

The plaintiff sued to recover damages for the unlawful appropriation and use by the defendants of a trade mark to which he claimed the proprietary right.

The facts are stated in the opinion.

*Messrs. J. B. Batchelor* and *John Devereux, Jr.*, for the plaintiff.

*Mr. W. W. Fuller* (and *Messrs. Graham & Ruffin* and *Fuller & Snow by brief*) for the defendants.

SMITH, C. J. The action was begun in the Superior Court of Iredell, thence removed to Rowan County, and terminated adversely to the plaintiff upon the defence of a previous adjudication of the same subject matter in an action instituted afterwards by the Blackwell Durham Tobacco Company. The parties to both actions were adverse claimants to the right to use the same designation or trade mark on manufactured smoking tobacco put up in bags or otherwise, and the purpose of each suit was to establish this alleged proprietary right against the other. The present plaintiff derives his title to the label or trade mark under and by virtue of an original invention and appropriation made by himself and John R. Green in the year 1862, they being partners in the manufacture of such tobacco, and its exclusive vesting in the plaintiff surviving on the death of his co-partner.

101—13

The defendants also derive title to the use of the trade mark through the said John R. Green, who alone, it is alleged, was the owner thereof, and whose proprietary and exclusive right thereto was sold by his executor and purchased by the defendant Blackwell, with whom the other defendants became associated in the business, and its subsequent transfer to the corporate body, plaintiff in the second action.

Thus all the parties to the controversy claim from a common source, and the result depends upon the solution of the inquiry whether the deceased John R. Green was a separate and exclusive owner of the trade mark in his own right, or, as a copartner with the plaintiff McElwee, had only a partner's interest and share therein. This appears to be the point in dispute in both actions, as developed in the pleadings, and the company suing in the latter action came in under the defendants, one or more, sued in the present action. It is mamifest, therefore, that the establishment of the validity of the derived title asserted by the company concludes the question of title claimed by McElwee *defendant in that and plaintiff in this action.*

If the superior and sole title to the trade mark, as determined in the suit instituted against McElwee, vests exclusively in the company, under transfers commencing with Green, against McElwee's contention, how can he support his action against former proprietors from whom the company derives its title? If its title prevails in one suit over that set up by the present plaintiff, the same predominance must be accorded to the claim of a proprietary right *derived from the present defendants* for the plaintiff, upon the same identical ground, claims against each.

We are here met by what is supposed to be an antagonistic ruling in *Blackwell Manufacturing Co.* v. *McElwee*, reported in 94 N. C., 425, where the right to recover upon a counterclaim was held not to be legally inconsistent with the subse-

quent assertion of the subject matter of it in a new and distinct action brought by intermediate proprietors.

In the present action a counter-claim had been set up in the answer of the defendants, and it was insisted that this being so, the action in behalf of the Blackwell Manufacturing Co., was for the same cause of action, and stood upon the footing of a second suit for the same cause of action as the preceding suit. This objection was held to be untenable for the reason that the defendants, who may have this remedy when sued, are not obliged to resort to it, but may bring a separate action and there maintain the claim. Furthermore, the cause of action was not the same between the parties with reversed relations, for the defendants sued individually, were liable in damages to the plaintiff, if liable at all, to the extent of their own wrongs, in infringing the plaintiff's asserted proprietary right, while the Blackwell Manufacturing Company was responsible only for its own acts. Again, this latter plaintiff was not precluded from seeking redress for injuries suffered by a continued alleged infringement of its right committed during its ownership, which could not be included in the other action. While the actions are thus dissimilar and damages in both could not be recovered in one suit, the rule that forbids a second pending a first action for the same redress and constituted between the same parties has no application.

The material and essential element in all the suits between the plaintiff and the successive claimants to the same trade mark, through whom the title is alleged to have passed, is as to the conflicting claims of title to the trade mark, and this being conclusively settled against the plaintiff is a bar to his action, because it determines that the plaintiff has no title and the Blackwell Durham Tobacco Company has, and this necessarily involves title in those from whom it derives its own. The title is determined, and this effectually defeats the action.

It has occurred to us that perhaps the defence should be made by producing the record before the jury upon the issue of title, and leaving it to the Judge to instruct them upon it as conclusive proof in determining the verdict, but the parties seem to have left to the Judge to determine the effect of the record, so that his ruling results as would a verdict upon the issue rendered in submission to his direction, and so no harm comes to the appellant from the course pursued at the trial. As to the effect of a *res adjudicata* between the parties who attempt to reverse the *causa litis*, it can scarcely be necessary to refer to decided cases.

We refer to a few : *Armfield* v. *Moore*, Busb. 157 ; *Fanshaw* v. *Ferrebee*, Ib., 166; *Rogers* v. *Ratcliff*, 3. Jo., 225 ; *Yates* v. *Yates*, 81 N. C., 397 ; *Tuttle* v. *Harrill*, 85 N. C., 456 ; *Sigmon* v. *Hawn*, 86 N. C., 310 ; *Gay* v. *Stancell*, 76 N. C., 369 ; and other cases. There is no error and the judgment must be affirmed.

Affirmed.