ROBERT JORDAN v. G. C. FARTHING.

*Action of Debt—Evidence—Issues—Practice—Weight of Evidence—Estoppel—Res Judicata.*

1. In an action for debt alleged to be due to plaintiff by defendant growing out of a long course of dealing, during which the plaintiff had made a mortgage to defendant, endorsements of payments on the mortgage by the defendant are admissible in evidence.

2. The objection that a verdict is against the weight of evidence can only be urged in the court below as a ground for new trial, it being a matter within the discretion of the Trial Judge, the exercise of which is not subject to review on appeal.

3. An issue as to whether defendant is indebted to plaintiff and, if so, in what amount, is a question of fact and not of law.

4. Unless a party is prejudiced thereby, the submission of one issue covering several material issues tendered, instead of submitting them separately, is not error.

5. Where, in an action to recover a debt alleged to be due to the plaintiff from defendant, growing out of long mutual dealings, during which a mortgage had been executed by plaintiff to defendant but which plaintiff alleged had been obtained by fraud and misrepresentation of defendant, and an accounting is sought, but not a decree setting aside the mortgage for fraud, the material issue is not the fraud, but the debt and its amount.

6. The fact that the Trial Judge, after intimating that he would submit certain issues tendered by the defendant, upon the close of the evidence and after the time for submitting instructions had passed, submitted only one issue, cannot be assigned as a ground of error unless the defendant can show that he was prejudiced thereby and prevented from presenting some view of the case which the other issues would have enabled him to do.

7. An instruction assuming admissions by the evidence, which are not warranted by it, is properly refused.

8. To create an estoppel by a former trial and judgment it must appear that the claim or demand in litigation has been tried and determined in the former action and the identity, in effect, of the two actions must appear; therefore,

9. Where judgment for the plaintiff in an action by the purchaser at a foreclosure sale under a mortgage, to which the mortgagee was a party and in which the mortgagor set up the defence that there was nothing due on the mortgage at the time of the sale, does not bar an action by the mortgagor against the mortgagee for a debt which he alleges an accounting will show is due to him from the mortgagee.

CIVIL ACTION, heard at March Term, 1895, of DURHAM Superior Court, before *Greene, J.,* and a jury. From a judgment for the plaintiff the defendant appealed. The facts are sufficiently stated in the opinion of Associate Justice FURCHES.

*Messrs. Shepherd, Manning & Foushee,* for plaintiff.
*Messrs. Fuller, Winston & Fuller,* for defendant (appellant).

FURCHES, J. : This is an action to recover money, in which plaintiff alleges that defendant is indebted to him, on various accounts, $210.54. He also alleges that he and defendant have had many dealings, running over a space of time for more than ten years; that defendant was a merchant in the town of Durham and he was in the habit of trading with him, and they had various other dealings; that plaintiff in different ways paid the defendant various amounts on account of their dealings, in money and otherwise ; and during this time he executed his note to defendant and secured the same by a mortgage of himself and wife on his land; that under this mortgage the defendant sold the land and one Whitaker became the purchaser at the price

JORDAN v. FARTHING.

of $265; that he is an old ignorant colored man; that neither he nor his wife can read; that he kept no account of his and defendant's dealings, indeed he could not do so for want of education and understanding; that he had full confidence in defendant and left it all to him. But he is now satisfied and so alleges that defendant imposed on him by falsely alleging that plaintiff owed him, when he did not, or that plaintiff owed him much larger amounts than were in fact due; and that by these false and fraudulent representations he was induced to execute the note and mortgage above mentioned, and asks that he may have a full and fair account and settlement with the defendant, including the amount the defendant received from Whitaker for the land under the mortgage sale, and that he have judgment for the amount found to be due.

Defendant answers and denies the alleged indebtedness and says he owes plaintiff nothing. He denies the allegation of fraud and misrepresentation and says plaintiff owes him the various amounts he claims, but admits that plaintiff is an old colored man and cannot read, and that he kept their accounts. And defendant further specially pleads as an estoppel the record, proceedings and judgment had in a certain action of W. B. Whitaker against the plaintiff Jordan for the possession of the land sold under the mortgage, in which defendant Farthing was made a party plaintiff. Upon these pleadings the case came on for trial, when defendant offered the following issues:

"1. Is the defendant estopped to prosecute this action and concluded by the judgment of this Court at June Term, 1894, in a case then tried, in which W. B. Whitaker and G. C. Farthing were plaintiffs, and the plaintiff above named was defendant?

2. Is the plaintiff estopped to prosecute this action by

the execution of new mortgages and notes, and by renting of the said Farthing the lands mortgaged as set out in the answer?

3. Did the defendant on February 6th, 1888, fraudulently represent to the plaintiff that he was indebted to him in the sum of $230.00 as alleged in the complaint, and did said Farthing induce and procure said Jordan to execute the bond and mortgage for same, and were said representations made with the purpose to defraud the plaintiff?

4. Is defendant indebted to plaintiff, and, if so, in what sum?"

It was agreed that the court should settle the issues, and the court at one time intimated that it would submit all four of the issues tendered by the defendant.

The evidence in the case was closed late in the afternoon and the court took a recess until next morning, and when the court opened next morning it announced, that after considering the matter more fully, it would only submit the fourth issue, which is as follows: "Is defendant indebted to plaintiff, and, if so, in what sum?" To this issue the jury found that defendant was indebted to plaintiff in the sum of $176.34. Defendant moved for a new trial and assigned the following grounds therefor:

1. That the verdict was contrary to the weight of the evidence.

2. That the issue submitted was one of law and not of fact.

3. That the rule is that all material issues shall be submitted separately.

4. That in this case the material issue was the question of fraud, and the same was not submitted to the jury by a separate issue.

5. That the defendant was prejudiced by his Honor's changing the issues after the evidence was all in and the

prayers for instruction had been handed up, based upon the issues which his Honor had intimated that he would submit, and at a time when the defendant was given no opportunity to change his prayers for instruction so as to fit the issue submitted.

6. For errors in law in declining to give the instructions prayed for by the defendant, 1 to 10 inclusive.

Motion overruled, and exception by defendant.

The defendant assigned the following errors :

1. Admitting improper evidence in the progress of the trial, heretofore pointed out and excepted to.

2. For failing to give the prayers for instruction prayed for by the defendant, numbered 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10.

3. For submitting one issue instead of the four.

4. For submitting an issue of law, depending upon the question of fraud, instead of submitting one issue as to the fraud as well as to the indebtedness.

5. For changing the issues, to the prejudice of defendant, after the time for submitting prayer for instructions had passed, to-wit: on the morning after the night when the evidence was closed.

6. For changing the issues after the evidence was all in.

7. For changing the issues at a time when it was impossible for the defendant to submit to the court any prayers for instructions.

We see only one exception to evidence, and that was as to reading the receipts endorsed on the mortgage after it was proved they were in defendant's hand-writing, except one, and that was in the hand-writing of a clerk of defendant, who, defendant admits, was authorized to make collections on this mortgage debt. So, this exception is overruled.

Then, as to the grounds of error assigned for a new trial.

And the first is that the verdict was against the weight of evidence. While this may have been a proper ground to urge upon the court below, it has been decided so often by this Court that it is a matter of discretion with the court below and is not the subject of review in this Court, we do not feel called upon to cite authority for overruling this assignment.

The second assignment must also be overruled. An issue as to whether the defendant is indebted to plaintiff, and if so in what amount, is not one of law but of fact.

While the third assignment may be correct as a "general rule," it is not an invariable rule, and cannot be sufficient ground for a new trial unless the Court can see that defendant has been damaged thereby. *Denmark* v. *Railroad*, 107 N. C., 185, and cases cited. This assignment is overruled.

The fourth ground assigned for a new trial is not true in fact. There is quite a distinction between this case and that of *Denmark* v. *Railroad*, *supra*. In that case the gravamen of the action was the negligence of defendant, causing the injury complained of, and the question of damage was only the result. In this case, the gravamen alleged is the indebtedness of defendant to the plaintiff; and the fraud and misrepresentation were only incidents alleged in aid of the cause of action for the purpose of removing a presumption of a settlement of the claim sued on. There is no demand to set aside the note or mortgage, or the sale made under the mortgage; and they are not set aside as contracts and conveyances, but only removed out of the way of a settlement, as presumptions or estoppels. And we are of the opinion the issue submitted was a proper and sufficient one, where the contention, as in this case, was debt or no debt, and, if debt, what amount.

Neither can the defendant's fifth ground be sustained.

The issue submitted by the Court is one of the four tendered by defendant and upon which he had prepared his special prayers for instruction. There was no new issue submitted by the Court. And, unless the defendant can show that the issue submitted prevented him from presenting some view of the case which the other issues would have enabled him to do, and that he was thereby damaged, his ground of exception cannot be sustained. And we have seen that the action is not one of fraud as contended by defendant, but one of debt in which the allegations of fraud are made in aid of the main relief. And, while we do not think it would have been error in the court to have submitted all four of the issues tendered, we do not think it was error not to do so.

The defendant's sixth ground of error must be overruled. The fact that the court declined to submit the first three issues of course prevents some of the instructions from applying to some of the issues, by number. But, upon an examination of his Honor's charge, we think they are all given in substance, except the first; and this we do not think should have been given, as it assumes admissions by the plaintiff in his evidence which are not sustained by the evidence. And though it may be true in part, to entitle the defendant to have it submitted it must be correct in the whole. Upon a careful examination of the charge to the jury, we can see where the plaintiff might have had reason to complain if the jury had found for the defendant. But we can see no reason why the defendant should be dissatisfied with the charge. It certainly put the defendant's case to the jury in a very favorable light for him.

This leaves only to be considered the question of estoppel by reason of the record and judgment in case of *Whit-*

*aker* v. the plaintiff *Jordan.* It is said in *Temple* v. *Williams*, 91 N. C., 82, that to estop by former trial and judgment it must appear "that the claim or demand in litigation has been tried and determined in the former action, and the identity in effect of the present and former cause of action must appear." *Cromwell* v. *County of Saek*, 94 U. S., 357. So, trying this question of estoppel by the rule laid down in that case, we see the case of Whitaker was no estoppel. Whitaker's case was an action of ejectment for the land sold under the mortgage and the defendant Farthing was made a party plaintiff with Whitaker, on the trial. And it is true that the present plaintiff Jordan, in that action, alleged that there was nothing due on the mortgage at the time of sale, when Whitaker purchased. The issue submitted to the jury in that case was "was the plaintiff (Whitaker) the owner of the land?" and the jury found that he was. But this would have been so, if Jordan had only owed one dollar or any other small amount. So, it is out of the question to contend that the accounts of Jordan and Farthing were tried in that action.

But it is contended by defendant that we have cases which go further than that of *Temple* v. *Williams*, *supra*, and he cites *McElwee* v. *Blackwell*, 101 N. C., 192, *Tuttle* v. *Harrell*, 85 N. C., 456 and other cases. But upon examination it will be found that none of them sustain defendant's contention as to the Whitaker judgment being an estoppel in this case. But, suppose we were to carry the doctrine to the extent contended for by defendant— that the estoppel not only applies where the matter has been actually passed upon and adjudicated, but also as to all matters that might have been passed upon and adjudicated—still it does not apply in this case, as the $265 of plaintiff's claim arose from the sale of the land to Whitaker and therefore could not, in the very nature of the thing,

constitute any part of the *status* between Jordan and Far-
thing at the time of the sale. And the amount which
plaintiff recovered, $176.45, being about $90 less than Far-
thing got for the land, tends to show that Jordan was
indebted to Farthing at the time of the sale, but not to
the amount alleged by Farthing, as he claimed that, includ-
ing the $265 he received for the land, he owed defendant
nothing.

We are of the opinion that the defendant has had a fair
trial, and the judgment is affirmed.

Affirmed.