### J. J. NALL ET AL. v. M. BROOKS McMATH ET ALS.

(Filed 5 March, 1919.)

**1. Appeal and Error—Verdict—Evidence—Objections and Exceptions.**

Objection that a verdict is not supported by any legal evidence comes too late after its rendition; and this doctrine applies where the jury has asked further instructions while considering the case, as to whether they were confined to the contentions of the parties as to the true divisional line between owners' of adjoining lands, in the presence of attorneys of each of them, who agree in an instruction that the jury shall find the line, but upon the evidence in the case.

**2. Verdict—Evidence—Lands—Dividing Lines.**

Where the jury has disregarded the contentions of the parties in locating the true divisional line in dispute between the lands of adjoining owners, and has established the line between those claimed, evidence that the acreage exceeded that called for in the deeds of each of the parties, that allowances should be made for variation in the compass, and that the distances were greater than given in these deeds is *held* sufficient.

**3. Verdict—Compromise—Evidence—Appeal and Error.**

A compromise verdict arbitrarily rendered and not supported by any legal evidence will be set aside.

NALL *v.* McMATH.

### 4. Judgments—Non Obstante—Motions—Appeal and Error.

A motion for judgment *non obstante veredicto* will not be sustained unless it appears from the pleadings and verdict, and not from the evidence, that the party is thereto entitled.

APPEAL by defendants from *Daniels, J.,* at the August Term, 1918, of CHATHAM.

This is a special proceeding instituted before the clerk for the establishment of the dividing line between the respective parties. The case was heard before the clerk after the survey had been made and the surveyor had filed his report, and he decided in favor of the contentions of the defendant. The plaintiffs appealed and the cause was transferred to the trial docket, and when the same was called for trial before his Honor he referred the same to R. H. Dixon, Esq., as referee to hear the evidence, find the facts and report his findings of fact and conclusions of law. The said reference was a compulsory one.

The referee made his report to the court, again finding in favor of the defendants. To this report the plaintiffs filed exceptions, proposed an issue and demanded a trial by jury thereon, and the cause came on for hearing on the said exception of the plaintiffs. After the jury had retired for some hours one of the jurors approached the judge and after a short conference the judge called counsel for both parties to the bench and told them that the juror wished to know if they had a right to disregard the contentions of both parties and to establish the line at a point different from that contended by either, the judge asking the counsel what they thought should be his instruction, if anything, whereupon the counsel for the defendant suggested that under the word of the issue he thought all he could tell the jury was that they could begin the line where they chose, and found from evidence to be true point; that it was their duty to find from the evidence what was the true dividing line and to so declare. This proposition was not objected to as to the judge's duty in response to the juror's inquiry, but neither side consented as to where they should find the line, nor did either side consent that they should find the line, except as to where they should find it under the evidence. There was no consent on either side or suggestion as to what the verdict should be or where they should find the line, and there was no request for such consent from inquiring juror as to his province. When the jury returned they stated to the court what they had decided, and the court in helping the jury with its findings asked them if they meant to divide the disputed land, to which they replied in the affirmative. The attorneys for both sides aided the court in suggestions as to what they understood the jury wanted to do while the jury was standing in the bar waiting for the court to aid them in getting their answer as they wished it, but there was no consent or intimation of consent from

·either side that such should be their verdict or that they were satisfied
·with it.

The evidence of the plaintiffs tended to prove that the true line was
from 6 to 7 on the plat, and that of the defendants that it was from
9 to 10. The jury returned a verdict establishing the line equally dis-
·tant from 6 to 7 and 9 to 10.

The defendants moved to set aside the verdict upon the ground that
there was no evidence to support it, which motion was refused, and de-
fendants excepted. Judgment was entered in accordance with the ver-
·dict and the defendants appealed.

*W. P. Horton and Fred W. Bynum for plaintiffs.*
*Siler & Barber and R. H. Hayes for defendants.*

ALLEN, J. The principle is well established that an objection that
there is no evidence to support a verdict will not be considered when
·made for the first time after the verdict has been returned (*S. v. Leak,*
156 N. C., 643), and there is no reason for refusing to enforce the rule
when it appears, as it does in this record that both parties had full notice
that the jury was not satisfied to find the true line to be as contended
for by either party, and when not only was there no opposition to a de-
parture from these contentions and no request to instruct the jury they
must find according to the contention of one or the other, but on the
·contrary counsel on both sides aided the court and jury in framing the
answer to the issue, without suggesting that there was no. evidence to
.support this finding until after the return of the verdict.

We have, however, examined the evidence and cannot say that the
jury has not established the true line between the parties. It is true that
most of the evidence was directed to the lines according to the respective
·contentions of the plaintiffs and the defendants, but the surveyor testi-
fied that the acreage of the plaintiffs and defendants exceeded that called
for in their deeds and a number of deeds were introduced by both parties
which required allowances for variations in the compass, and as to the
·deeds of both plaintiffs and defendants the distances, in order to reach
their respective claims, required more than was called for in the deeds.

We would not be understood as holding that the jury has the right to
·compromise the claims of litigants, and if it clearly appeared that they
had done so and had returned the verdict with nothing to sustain it, and
that there was no notice of the purpose to do so, the parties would be
·entitled to relief.

The motion for judgment *non obstante veredicto* has nothing to sus-
tain it, as this motion can only be granted when it appears from the

pleadings and the verdict, and not from the evidence, that the party is entitled to judgment. *Baxter v. Irwin,* 158 N. C., 277.

The judgment must be affirmed.

No error.