### R. E. L. DANIEL ET AL. v. TOWN OF BELHAVEN.

(Filed 18 February, 1925.)

**Verdict—Evidence—Deliberation—Appeal and Error.**

> Where upon the evidence in several consolidated cases to recover damages to the lands of the various parties, it is shown that the amount of damages, if any, each should recover would depend upon the establishment of different elements as to each, a verdict fixing a uniform per cent of the amount claimed by each as his damages obviously does not meet the requirement that the jury should deliberate upon the evidence and find the amount of damages in each case, and is properly set aside on motion.

APPEAL by plaintiff from *Sinclair, J.,* at September Term, 1924, of BEAUFORT.

The plaintiff Daniel alleged that the defendant had wrongfully obstructed the flow of the water from his land through its natural outlet and drainway and had thereby caused the water to be ponded thereon and that he had suffered loss by reason of damage to his crops and land.

The defendant denied these allegations.

Similar actions were brought by the other plaintiffs and by consent they were tried together.

The jury returned the following verdict:

"1. Did the defendant, Town of Belhaven, negligently install an inadequate and insufficient tile or drainway in street at Shoemake Creek, as alleged? Answer: 'Yes.'

"2. Did the defendant, Town of Belhaven, negligently pond water upon the lands of plaintiffs, as alleged? Answer: 'Yes.'

"3. If so, in what amount, if any, is the plaintiff, E. L. Swindell, damaged? Answer: '$90.00.'

"4. What amount, if any, is the plaintiff, R. Y. Credle, damaged? Answer: '$450.00.'

"5. What amount, if any, is the plaintiff, R. E. L. Daniel, damaged? Answer: '$180.00.'

"6. What amount, if any, is the plaintiff, W. F. Frisbee, damaged? Answer: '$150.00.'

"7. What amount, if any, is the plaintiff, Ed. Hargrove, damaged? Answer: '$180.00.'

"8. What amount, if any, is the plaintiff, E. F. Cahoon, damaged? Answer: '$360.00.' "

In the margin of the paper on which the verdict was written is the following entry: "The jury agrees that each man shall be paid 30 per cent of his claim."

The damage alleged in each case was as follows: "R. E. L. Daniel, $600; E. L. Swindell, $300; E. F. Cahoon, $1,200; R. Y. Credle, $1,500; W. F. Frisbee, $500; Ed. Hargrove, $600."

The plaintiff tendered a judgment in each case for the amount awarded by the jury and costs. The defendant moved to set aside the verdict, and the court made the following order: "It appearing upon the face of the verdict that it is not based upon the evidence as applied to each case, but that the jury adopted a general rule to give each plaintiff thirty per cent of the amount each claimed in his complaint, it is the opinion of the court that the verdict is improper and it is hereby set aside as a matter of law."

The plaintiffs excepted and appealed.

*H. C. Carter for plaintiffs.*
*Tooley & McMullan for defendant.*

PER CURIAM. The principle is established that in arriving at a verdict it is the duty of the jury to consider and determine the rights of the parties by exercising the judgment, weighing the evidence, and applying the law to the facts as found in every case. It is also held that a verdict is invalid if it appears to be more nearly the result of a mathematical calculation than of an exercise of judgment based on the evidence. There seems to be no satisfactory or practical distinction between a case in which the jurors agree to accept one-twelfth of the aggregate amount of their several estimates without further deliberation and a case in which they agree arbitrarily to award 30 per cent of the plaintiffs' demands apparently without due regard to the evidence in each case. This becomes more manifest upon a consideration of the verdict

in the light of the evidence. *Castelloe. v. Jenkins,* 186 N. C., 166, 173; *S. v. Snipes,* 185 N. C., 743, 747. The ratio which the acreage bears to the several demands is not uniform; the character of the crops varies; similarity in point of cultivation does not appear. The verdict was manifestly the result of a mathematical calculation not governed by the proper exercise of judgment under the fixed rules of the law. *Ottowa v. Gilliland,* 88 A. S. R., 232; *Commonwealth v. Fisher,* 134 A. S. R., 1061; Note 16 Ann. Cas., 910; Note Ann. Cas., 1917, ch. 1224.

The order setting aside the verdict is

Affirmed.