JOHN B. VANDIFORD v. HENRY G. VANDIFORD et al.

(Filed 19 April, 1939.)

1. **Trial §§ 38, 50b—Verdict in this case held at variance with the pleadings, evidence, and theory of trial, and should have been set aside upon motion.**

   Plaintiff alleged that defendant took title to the *locus in quo* as trustee for his benefit, and breached the trust by selling the lands to a third person. The jury sustained plaintiff's contention as to the trust, but found that plaintiff was not indebted to defendant for any sum for the purchase price, taxes, interest, and improvements and that defendant was not indebted to plaintiff in any sum for amounts paid by plaintiff during the years in question, although the court instructed the jury as to the respective contentions of the parties as to the amount the jury should find under each of the issues, and answered a subsequent issue as to the amount plaintiff was entitled to recover in a sum between the respective contentions of the parties. *Held:* It would seem the jury undertook to compromise the case and the verdict is at variance with the pleadings, evidence, charge of the court, and the theory of trial, and defendant's motion to set it aside should have been allowed.

2. **Appeal and Error § 41—**

   When a new trial is awarded on one exception, other exceptions relating to matters which may not arise on the subsequent hearing need not be determined.

APPEAL by defendants from *Frizzelle, J.,* at December Term, 1938, of GREENE.

Civil action tried upon the following issues:

"1. Did the defendant, Henry G. Vandiford, verbally agree with the plaintiff, John B. Vandiford, at or before the execution and delivery of the deed by the Land Bank to Henry G. Vandiford, that he, Henry G. Vandiford, would take title to the lands described in the complaint and hold them in trust for the plaintiff, as alleged in the complaint? Answer: 'Yes.'

"2. Was the plaintiff ready, willing and able at all times to comply with the terms of the agreement as alleged in the complaint? Answer: 'Yes.'

"3. Is the plaintiff's cause of action barred by the three year statute of limitations as alleged in the answer? Answer: 'No.'

"4. Is the plaintiff, John B. Vandiford, by reason of atornment estopped to maintain this action as alleged in the answer? Answer: 'No.'

"5. Is the plaintiff, John B. Vandiford, estopped to maintain this action by reason of his laches as alleged in the answer? Answer: 'No.'

"6. Did the defendant, Henry G. Vandiford, in violation of his agreement, sell and convey the lands in the sum of $11,000.00 and retain the proceeds thereof as alleged in the complaint? Answer: 'Yes.'

"7. In what amount, if any, is the plaintiff, John B. Vandiford, indebted to the defendant, Henry G. Vandiford, for the purchase price, interest, improvement and taxes? Answer: 'None.'

"8. In what amount, if any, is the defendant, Henry G. Vandiford, indebted to the plaintiff for money paid to the defendant for the years 1933, 1934, 1935, 1936, and 1937? Answer: 'None.'

"9. What amount, if any, is the plaintiff, John B. Vandiford, entitled to recover of the defendant, Henry G. Vandiford, on account of the breach of contract in the sale of said lands in the sum of $11,000.00, as alleged in the complaint? Answer: '$5,000.00.' "

There was a motion by the defendants to set aside the verdict, which was overruled. Exception.

From judgment on the verdict, the defendants appeal, assigning errors.

*J. Faison Thomson and Walter G. Sheppard for plaintiff, appellee.*
*K. A. Pittman and J. A. Jones for defendants, appellants.*

STACY, C. J. It is apparent from a perusal of the record that the last three issues were answered without regard to the pleadings, the evidence, the contentions of the parties, or the charge of the court. Mayhap the jury undertook to compromise the case. *Bartholomew v. Parrish,* 186 N. C., 81, 118 S. E., 899; *Gulley v. Raynor,* 185 N. C., 96, 116 S. E., 171.

The defendant contended from the evidence that the 7th issue should be answered in the sum of $16,348.40; while the plaintiff contended that it should be answered in the sum of $8,665.44. The court instructed the jury to answer the issue accordingly as they should find the facts to be. The answer is "Nothing."

The eighth issue was submitted under an instruction that it should be answered in the sum of $10,047.83, according to plaintiff's evidence and contention, or $9,026.82 according to the defendant's admission. It is answered "Nothing."

The verdict is at variance with the pleadings, the evidence, and the theory of the trial. The defendants' motion to set it aside should have been allowed. *Daniel v. Belhaven,* 189 N. C., 181, 126 S. E., 421; *Nall v. McMath,* 177 N. C., 183, 98 S. E., 374; McIntosh N. C. Prac. & Proc., 665. It is manifestly wanting in legal requirements. *Daniel v. Belhaven, supra.* It bears the earmarks of compromise. *Watts v. Greenlee,* 13 N. C., 87; Note, 134 A. S. R., 1061.

There are other exceptions appearing on the record worthy of consideration, especially those pertaining to the cross-examination of the defendant, but as they are not likely to arise on the further hearing, present rulings thereon will be omitted.

A careful perusal of the record engenders the thought that a *venire de novo* should be ordered. *Kinney v. Beverley,* 12 Va., 318. It is accordingly decreed.

*Venire de novo.*