Pearson, J.
 

 The defendant’s counsel contended that the' plaintiff could not recover, in respect to the burning of thence, because the injury was too remote. Ilis Honor was of a different opinion. There is error.
 

 Where one violates his contract, he is liable only for such, damages as are caused by the breach ; or such, as being incidental to the act of omission or commission, as a natural consequence thereof, may reasonably be presumed to have been in the contemplation of the- parties when the contract was made. This rule of law is well settled, but the difficulty arises in making its application. In regard to that, we differ-with his Honor. There is nothing to show that the contingency, that the rice might be burnt if left in the- mill, was in. the contemplation of the parties. On the contrary, its being-burnt was an accident unlooked for, and unforeseen, and can,, in no sense, be considered as having been caused by the fact,, that it was not beat in the turn promised by the defendant’s, intestate, consequently the damages were too remote, and the-jury ought not to have been allowed to include the value of the rice in estimating damages for the breach of the promise ;
 
 Boyle
 
 v. Reeder, 1 Ire. Rep. 607
 
 White
 
 v. Griffin, 4 Jones’ Rep. 139.
 

 Jones
 
 v.
 
 Ward,
 
 3 Jones’ Rep., 24, is an authority for the-admissibility of the evidence which was objected to.
 

 As the case goes back for a new trial, it may be well to-call the plaintiff’s attention to the point, that, although the declaration sets out a sufficient consideration to support the-promise sued on, no evidence in support of the- alleged, consideration is set out in the statement of the case..
 

 Fee CueiaM, Judgment reversed, and a
 
 venire de nfwo.