Battle, J.
 

 Upon the trial, it seems to have been conceded, that the defendants were not liable as common carriers, for their neglect to .send on, in proper time, the pipe in question. It was decided in the case of
 
 Boner & Christ
 
 v.
 
 The Merchants' Steam Boat
 
 Company, 1 Jones’ Rep. 211, that 'a company, whose ordinary business was to transport goods by water for freight, was not bound, as to the
 
 time
 
 of delivery, as common carriers, but as mere bailees for hire; and we think the same rule must be applied to a company, which carries goods for freight on a rail-road. The rule of negligence, in such cases, makes the bailee bound for ordinary care, and, of course, makes him responsible for ordinary neglect. Applying this rule as a test to the facts of this case, we differ from his Hon- or in the Court below, as to the result. It is our decided opinion that the agent of the company was guilty of, at least, ordinary, if not gross neglect in forwarding the pipe to the defendant. It was, under instructions from the agent, put on a dray, together with another single pipe, and a bundle of three pipes, to be carried to the company’s depot. "When it arrived there, it was, or ought to have been, put with the other articles with which it had come, as shown by the bill of lading. If it had been so placed, the agent, who had been furnished with the bill of lading, would not have left it be
 
 *239
 
 hind when he sent on the other articles. A man of ordinary-prudence, in the management of his own affairs, would not have permitted, while he had the bill of lading in his own hands, one pipe to be separated from the others, and would not, therefore, have neglected to send them on as he had received them, all together. Besides, when he learned that one of the articles had not been forwarded, he would have applied to the ship’s agent to assist him in finding it out, as soon as he ascertained that there was some difficulty in identifying it. Mr.
 
 Fisher,
 
 the plaintiff’s agent, had no other means of ascertaining which it was, than any other person, but Mr.
 
 Taylor,
 
 the ship’s agent, had; and he testified that, if he had been applied to, he could easily have pointed it out, so that th§ greater part of the delay might have been avoided.
 

 Asa verdict was taken for the plaintiff, subject to the opinion of the Court, as to the legal-liability of the defendant, we might, upon reversing his Honor’s opinion as to that question, direct a judgment to be entered upon the verdict for the plaintiff, but for the objection of the defendant to his Honor’s ruling upon the question of damages. Upon that question, we also differ from his Honor. When he made the decision, we presume that the case of
 
 Boyle
 
 v.
 
 Feeder,
 
 1 Ire. Rep. 607, was not called to his attention. That was a case where the plaintiff declared for the breach of a covenant, in which the defendant had bound himself to furnish machinery for a steam saw mill, by a stipulated time. He claimed, as damages, the estimated value of the
 
 profits,
 
 which he alleged that he might have made, if the covenant had been complied with. The Court said, through Rotkin, C. J., who delivered their opinion, that “very certainly damages are not to be measured by any such vague and indeterminate notion of anticipated and fancied profits of a business or adventure, which, like this, depends so much on skill, experience, good management and good luck, for success. That would make the defendant an insurer against losses from any cause, in a business of hazard, and even against the plaintiff’s want of management. The gains of the business the
 
 *240
 
 plaintiff might have clone, or probably would have done, cannot be correctly estimated; and, therefore, evidence offered with a view of estimating them, as the standard of damages, was properly excluded, as being irrelevant, and tending to mislead the jury.” The proper measure of damages, the Court said, was to give the plaintiff “ a fair rent for the time, or compensation for the capital invested and lying idle.” This rule, we think, will apply to the present case, and being one which we find to have been adopted by this Court, after full consideration, we feel no inclination to disturb it. In our opinion, then, the plaintiff will be entitled to recover from the defendant, op another trial, a compensation for his capital invested, while it was lying idle for the want of the pipe not forwarded in proper time, that is, the legal interest on such capital, also for any workmen or hands necessarily unemployed for the same cause, and also for the expenses of sending the machinist after the missing pipe; besides any other damages, which were the direct and necessary result of the defendant’s negligence.
 

 The effect of the error, committed by his Honor, in respect to the question of damages is, that the judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam,
 

 Judgment reversed, and a
 
 venire de novo.