### WILLIAM SLEDGE *v.* JOHN A. REID, Sheriff, &c.

Consequential damage to be recoverable in an action of tort, must be the proximate consequence of the act complained of, and not the secondary result thereof :

*Hence*, in an action by A against B, for wrongfully taking and converting his mule, A can recover the value of the mule at the time of such conversion; but he cannot recover for the loss of a part of his crop, following the loss of the mule, as such loss is too remote and uncertain.

(*Ashe* v. *De Rossett*, 5 Jones, 299; and *Boyle* v. *Reeder*, 1 Ired. 607, cited and approved.)

CIVIL ACTION, in the nature of Trover, tried before *Moore, J.* and a jury, at the December (Special) Term, 1873, of HALIFAX Superior Court.

The plaintiff demanded the value of a mule, which he alleged the defendant had wrongfully taken from his possession in April, 1871, and converted to his own use; and also additional and specific damages, resulting from such taking and conversion.

The conversion was admitted ; and the jury, in response to an issue submitted as to the value of the mule at that time, assessed its value at $75 ; for which the plaintiff had judgment ; and from which the defendant did not appeal.

The plaintiff further claimed, and introduced evidence to prove additional, specific damages arising from the loss of his mule, in this ; that he was a farmer in 1871; that he owned two mules, and had pitched a two horse crop, and had worked therein until the 18th day of April, 1871, when the defendant took and wrongfully converted one of them, the mule in controversy. That in consequence thereof, he was compelled to reduce his crop one half, and to discharge one of his hands.

The plaintiff further testified, that the net proceeds of his farming that year, with his single mule, amounted to about $125 ; and that he had owned for two years the mule taken by defendant.

Upon these facts, his Honor charged the jury that in trover the general rule is, that the value of the property at the time of conversion, with interest thereon, measures the damages. But, as Parsons in his law of contracts, vol. 3, page 198, (5th Ed.,) remarks, " there are some exceptions to this rule ; and if it can be shown that the plaintiff suffered by the wrong doing of the defendant, a specific injury, or by the failure of a specific purpose, for which he had bought the property or the like, the principle of compensation would require that this should be taken into consideration." Here, it appears in evidence, that the plaintiff owned two mules, and had pitched a two horse crop for the year, 1871 ; that he had hired labor and actually worked to that end from 1st January to the 18th day of April, when one of them, the mule in controversy, was taken by defendant, whereby he was compelled to reduce his crop to a one horse crop. It further appeared, that his net profit from the labor of his remaining mule was $125. The Court further charged, that the jury could allow the plaintiff damages for the specific loss, if any, incurred by the necessity of shortening his crop. To this part of his Honor's charge the defendant excepted.

In addition to the value of the mule, $75, the jury assessed the plaintiff's specific damages at $65, by reason of his being

compelled, by the wrongful act of the defendant, to shorten his crop.

Motion for a new trial, for misdirection of the jury; motion overruled.   Judgment and appeal by defendant.

*Batchelor* and *Day*, for appellant.
*W. Clark*, contra.

BYNUM, J.   Consequential damage, to be recoverable, in an action of tort, must be the proximate consequence of the act complained of, and not the secondary result thereof.   The rule is plain; the difficulty, if any, is in its application.   The dividing line between proximate and remote damage, is sometimes so indistinct as to leave a field of doubtful and disputed ground.   No difficulty of that sort arises here, and the case affords an apt illustration of the rule.

The proximate damage to the plaintiff from the tort of the defendant, was the loss of the mule; a shortening of the crop was the secondary consequence resulting from the first damage. He is allowed to recover for the first, but not for the second, because it is too remote and uncertain.   The loss of the crop, though following the loss of the mule, was neither a necessary or natural consequence.   The plaintiff might buy or hire another and finish his crop; and because he preferred to throw out a part of the crop, he is not thereby enabled to claim damage for the loss as an immediate and necessary consequence of the tort.

Suppose the Court should apply a principle of equity and undertake to place the plaintiff as near as may be to his condition as it was before the tort?   As far as the Court could go to that end would be to allow him the cost of the hire of another animal until his crop was made, and then to pay him for the one he had lost.   That, we think, should be the rule of damages in this case.   Anything beyond this would be too remote and conjectural, and would lead the Courts into a boundless field of investigation.

SLEDGE *v.* REID, Sheriff, &c.

If the action was for damage for a breach of contract, the rule would be to give such damage, as being incidental to the breach as a natural consequence thereof, may be reasonably presumed to have been within the contemplation of the parties. *Ashe* v. *DeRossett*, 5 Jones, 299. In our case the defendant was an officer of the law, armed with a legal precept, and acted in the supposed discharge of his duty. He contemplated no wrongful injury to the plaintiff, and in no view can be held liable for more than the immediate and natural consequences of his mistake as to the ownership of the property converted by him.

In an action of covenant for not furnishing machinery for a steam mill, at a stipulated time, the plaintiff cannot recover in damages the estimated value of the *profits* he might have made, if the covenant had been complied with, because they are too vague and uncertain to form any criterion of damages. *McBoyle* v. *Ruder*, 1 Ired., 607. Such has been the uniform course of the decisions in this State. We think they are founded upon the soundest principles and sustained by the weight of authority. 2 Kent's Com. 480, in notes; Sedgwick on Dam., 67; *Hadly* v. *Baxendate*, 9 Exch. 341; *Blanchard* v. *Eley*, 21 Wend. 342, 30 Iowa, 176.

The objection that the action abated by the death of the defendant, is untenable. Bat. Rev., chap. 45, sec. 113. C. C. P., sec. 64.

His Honor's instructions to the jury were erroneous.

PER CURIAM.                                        *Venire de novo.*