## F. BORDEN MACE v. ISAAC RAMSEY.

Where one violates his contract, he is liable only for such damages as are caused by the breach; or such as being incidental to the act of omission or commission, as a natural consequence thereof, may reasonably be presumed to have been in the contemplation of the parties at the time the contract was made:

*Therefore*, where A contracted to furnish B a boat at a specified time, to be used by B in conveying excursionists to and from different points in Beaufort harbor—an excursion train being expected to arrive at such specified time—in an action against A for damages on account of the breach of his contract: *It was held*. That the measure of damages would be what a boat like A's would be worth at such time, if he, (A,) knew of the excursion and the use to which B intended to put the boat. And in arriving at that value, the jury might consider the capacity of A's boat. state of the weather, &c.

*Held further*, That evidence was admissible to show that the plaintiff had engaged enough passengers for this boat and his other boats on the occasion.

(*Ashe* v. *DeRossett*, 5 Jones 299; *Foard* v. *Railroad Co.*, 8 Jones 235; *Boyle* v. *Ruder*, 1 Ired. 607; *Sledge* v *Reid*, 73 N. C. Rep. 440 cited, distinguished from this, and approved )

This was a CIVIL ACTION, tried before *McKay, J.*, at Spring Term, 1875, of CARTERET Superior Court.

The plaintiff alleged that the defendant contracted with him on July 5th, 1873, to furnish a flat-boat and hands on the 16th of July, 1873, for the plaintiff's use on the 16th, 17th and 18th days of that month, to transport passengers or excursionists from Morehead City to Beaufort and different points about the harbor, an excursion train being expected at Morehead City on the morning of the 16th, and that the defendant failed to comply with his contract.

There was a conflict between the testimony of the plaintiff and that of the defendant, the plaintiff swearing that it was an unconditional contract and the defendant swearing that he agreed to furnish the boat and hands if the boat was at home.

on that day.   Other witnesses testified as to the contract. The price agreed upon between the parties for the use of the boat was $4.00 *per diem*, which was proved to be the usual price of such boats.

The case as decided in this court is so fully stated in the opinion of Justice BYNUM that any further statement is deemed unnecessary.

The jury rendered a verdict in favor of the plaintiff, assessing his damages at $210.

The defendant moved the court to grant a new trial upon the following grounds:

1. The admission of improper testimony;

2. Misdirection to the jury;

3. Refusal to give instructions asked.

The motion was overruled by the court, and judgment rendered in favor of the plaintiff; thereupon the defendant appealed.

*Green*, for the appellant.
*Hubbard* and *Haughton*, contra.

BYNUM, J.   The terms of the contract were disputed and it was left to the jury to ascertain what was the contract. Their finding establishes that it was unconditional and as follows:   On the 5th of July, 1873, the defendant contracted with the plaintiff to furnish a flat boat and hands, on the morning of the 16th July for the plaintiff's use on the 16th, 17th and 18th of July to transport passengers, or excursionists from Morehead City to Beaufort, and different points about the harbor, an excursion train being expected at Morehead on the morning of the 16th of July.   The price agreed upon for the use of the boat was $4.00 per day.   The boat was not furnished, and the question was as to the amount of damages the plaintiff was entitled to recover.

As evidence of his damages the plaintiff offered to prove

that an excursion train was expected to arrive with a large number of excursionists at Morehead City on the morning of the 16th of July, and that the plaintiff had engaged passengers for this and his other boats, and had received money to the amount of $600 dollars, which he was compelled to refund.

The defendant objected to the admission of this evidence, and the court rejected so much of it as related to the receipt and repayment of the $600, but admitted so much as related to the excursion for the purpose of showing that the plaintiff had engaged passengers enough for this and his other boats.

The defendant asked the court to give the jury the following special instructions :

1. That the damages should not exceed the trouble and expense of hiring such a boat as the defendant's, at the Morehead City wharf, on the arrival of the party.

2. That he could recover only such amount as would cover the loss he would have suffered, in a fair competition that morning with other boats for the public patronage, irrespective of the forestalling resorted to by him, in the previous engagement of passengers.

3. That the damages should be measured by an indemnity for the moneys actually expended, and a reasonable compensation for work and services performed in preparing for the transportation of passengers.

The court without responding to each instruction asked for, gave a general charge to this effect: The measure of damages would be only what a boat like the defendant's would be worth at such a time, if they were satisfied that the defendant knew of the excursion and the use the plaintiff intended to put the boat to ; as the damages must be such as were in the reasonable contemplation of the parties at the time the contract was entered into ; that the defendant was not liable for more than the ordinary earnings of the boat on such occasions, and to arrive at that they could consider the capacity of the boat, the state of the weather and the tide, as well as

the evidence that the plaintiff had engaged enough passengers for this and his other boats.

We think these instructions are as favorable to the defendant as he could ask, and are responsive to his prayer for instructions. It is, however, contended by h's counsel in this court, that the rule of damages laid down by his Honor is incorrect, in that it authorized the jury to assess damages too remote in law. In answer to this it is to be observed that his Honor substantially followed the rule laid down by this court in *Ashe* v. *DeRosset*, 5 Jones, 299: "Where one violates his contract he is liable only for such damages as are caused by the breach, or such as being incidental to the act of omission or commission as a natural consequence thereof, may reasonably be presumed to have been in the contemplation of the parties at the time the contract was made." No safer rule than this has as yet been discovered by which to distinguish proximate damages, which may be recovered, from remote damages which may not be, in an action for breach of contract. General rules there are in abundance for estimating damages for breach of contract, as that "the amount should be what would have been received if the defendant had kept his contract." *Alden* v. *Keighly*, 15 M. & W., 117. Or "when a party sustains loss by reason of a breach of contract, he is, so far as money can do it, to be placed in the same situation with respect to damages, as if the contract had been performed." *Robeson* v. *Harman*, 1 Ex., Ch. 855-6. Or, "the true measure of damages is that which will completely indemnify the plaintiff for the breach of the engagement." *Shepherd* v. *Johnson*, 2 East., 210. All will concede these to be sound equitable principles, but most cases of contract vary from each other, and whatever general rules there may be for awarding damages, they must be modified by the particular cases to which they come to be applied. None of the above rules afford a criterion for discriminating between remote and proximate damages, and to meet our case, which turned upon the

distinction, a more specified instruction was required to restrain the jury from considering remote and conjectural loss on the one hand, and on the other allowing them to estimate the actual loss which followed as an immediate and necessary consequence of the breach of contract.

It was a special occasion, and the contract was made solely in reference to that occasion, and so made known to the defendant at the time of the contract. An excursion train with a large number of passengers seeking amusement or recreation at a summer resort, was expected at Morehead City on the morning of the 16th of July, and to remain for three days in the vicinity. The plaintiff undertook to provide boats for their accommodation, and did engage this boat and passengers to fill it. The immediate and necessary consequence of the failure of the defendant to furnish the boat was the loss to the plaintiff of the fares of the passengers engaged by him for the trip to Beaufort, and excursions in the harbor.

The contract was thus for a specific occasion and specific purpose, and the damage immediately and necessarily follows the breach, and was reasonably contemplated by both parties. The amount of damage incurred was a question for the jury. The defendant, had the fact been so, could have shown in mitigation, that the plaintiff hired, or could have hired, other boats in place of his, but he failed to do so, and we must assume that the plaintiff did not provide, and could not reasonably have provided, a substitute for this boat. The actual, immediate and necessary loss was for the jury, and if excessive damages were rendered by their verdict, as it rather appears to us was the case, the remedy was by an application to the Judge trying the case for a new trial, because of excessive damages assessed by the jury. This court is precluded from interfering with the action of the court below in matters solely within their discretion.

This case is easily distinguished from *Foard* v. *Railroad Company*, 8 Jones, 235; *Ashe* v. *DeRossett*, 8 Jones, 241;

*Boyle* v. *Ruder*, 1 Ired., 607, and *Sledge* v. *Reid*, 73 N. C.
Rep., 440, and similar cases, in that, in those cases the damage
was accidental and unforseen, or merely vague, uncertain and
conjectural; and in this they are immediate, necessary and
reasonably certain, and such as were in the contemplation of
the parties to the contract.

There is no error.

PER CURIAM.                                    Judgment affirmed.