URIAH VAUGHAN v. JOSEPH PARKER et al.

*Ejectment—Practice—Issues for the Jury—Defences.*

1. The only restriction upon the power of a Judge below to settle the issues for the jury is that they shall be such as arise out of the pleadings, such that, upon the verdict, the Court may proceed to judgment, and such as will allow the parties to present to the jury any material view of the law arising out of testimony which counsel may request the Court to embody in its instructions; therefore, where a controversy as to the ownership of land was narrowed down to the single question of the date of delivery of a deed, it was not error for the Judge to submit an issue as to such date instead of the usual one involving the title.

2. A deed is presumed to have been delivered at the time it bears date, but the presumption may be rebutted by evidence *aliunde*, in which case it becomes operative from the actual day of delivery.

3. Where, in an action for the recovery of land, the defendant, whether he might rightfully claim the relation to the plaintiff of lessee or tenant in common, waives his right and disregards his opportunity to admit by answer or disclaim the true interest of the plaintiff, he cannot, after disputing the plaintiff's title, fall back on a denial of the ouster when every other defence has failed him. Nor, after failing to establish his ownership, can he by his pleadings make his occupancy adverse *ab initio* so as to mature title against the plaintiff, when in fact he has held under the plaintiff or those under whom he claims.

4. The effect of discharging a debt secured by a first mortgage by surrender of the mortgage deed is to make a second mortgage on the same land a first lien, and the immediate execution by the mortgagor of a deed of bargain and sale to the one holding the first mortgage cannot operate to defeat the second mortgage.

This was an ACTION for the title and possession of land, tried at the Spring Term, 1891, of the Superior Court of NORTHAMPTON County, before *Connor, J.*

Both parties claimed title under Wiley Edwards. The plaintiff offered as evidence of title—1st, a mortgage deed from Wiley Edwards to D. A. Barnes, dated October 6,

1880; 2d, proof of sale by said Barnes, January 22, 1889, and of purchase at sale by Uriah Vaughan and deed to Uriah Vaughan pursuant thereto.

The defendant Joseph Parker relied upon a deed from Wiley Edwards to him, dated January 23, 1879, but which the plaintiff insisted was not executed and delivered until after the date of the mortgage deed to Barnes.

The deposition of the defendant Joseph Parker was read by plaintiff, the material parts of which are as follows:

" When the deed from Wiley Edwards and wife, dated January 23, 1879, was delivered, J. H. Deberry was present; also Mollie and Mrs. Edwards were present. Deberry took his private examination at that time. A black man was living on the land, but I do not know who put him there. I don't know how long I had the deed before it was recorded; think it was five or six years. I think the time stated by Deberry in his privy examination of Mrs. Edwards, which was February 20, 1882, is correct. I surrendered at that time his note to Mr. Edwards. About twelve months before I got it, he (Edwards) had the deed some time. He brought it to me signed by himself, and I told him to keep it and get Mrs. Edwards to sign, and I would give him up his note and mortgage. He told me that his wife had nothing to do with it. I went into possession of the land about twelve years ago, and have paid taxes on it for eleven years. I got possession of it in 1882. I had possession of it about three years before Mrs. Edwards signed the deed. I put Berry Taum in possession first. I gave Wiley Edwards his note for about $150, principal and interest, which was secured by a mortgage on another piece of land. I made an agreement to surrender said note and mortgage fourteen or fifteen years ago, and he then agreed to convey me this tract of land."

Wiley Edwards was introduced, and testified to the same state of facts regarding the parol agreement, and that Joseph Parker had been in possession of said land ever since 1879.

Defendants introduced a mortgage, executed and recorded in 1875, from Wiley Edwards and wife to Joseph Parker to secure a note of $100.

Wiley Edwards testified that said note and the original mortgage had been delivered up to him by said Parker after the delivery of the deed of January 23d, 1879, to-wit, on February 20th, 1882.

The defendants' counsel asked the Court to submit the following issue : Is the plaintiff the owner, and entitled to the possession of the land in controversy ?

The Court being of the opinion that, upon the pleadings, admissions and testimony, the only question involved in this controversy was the execution and delivery of the deed from Wiley Edwards to defendant, declined to submit said issue to the jury, and the defendant excepted. The testimony in regard to the date of delivery being conflicting, the Court instructed the jury that they should, upon the consideration of the whole evidence, fix the date of said delivery.

The issues submitted and the responses are as follows :

1. When was the deed in question executed and delivered by Edwards and wife to the defendants ? Answer. February 20, 1882.

2. When was Edwards' homestead allotted ? Ans. January 14, 1876.

3. Is the land in question a part of said homestead ? Ans. Yes.

4. What is the rental value of said land per annum ? Ans. Twenty-five dollars.

Defendants moved for judgment *non obstante veredicto*, the motion was refused, and defendant excepted. Defendant moved for *venire de novo* for error in refusing to submit the issues tendered. Motion was refused, and from the judgment for plaintiff defendant appealed.

*Messrs. R. B. Winborne* and *R. B. Peebles*, for plaintiff.
*Mr. B. S. Gay*, for defendant (appellant).

AVERY, J.: The refusal of the Court to submit the usual issue involving the title, instead of the more specific inquiry as to the date of delivering the deed to the defendant Parker, is mainly relied upon as ground for new trial, though the denial of the motion for judgment, upon the findings, was not abandoned on the argument here. In the absence of an allegation of fraud, the controversy before the jury was narrowed down to a single question. As both parties claimed under Wiley Edwards, if he delivered the deed to Joseph Parker on the 23d of January, 1879, when it bears date, then he had an older and better title than the plaintiff, who claimed under the mortgage to David Barnes, executed October 6th, 1880. But if the deed to Parker was delivered after the execution of that to Barnes, as alleged, it took effect from its actual delivery. In the exercise of a sound discretion, it was the province of the Judge below to determine whether he would submit the usual issue or another raised by the pleadings, since it was involved in the broader issue, in its stead. Doubtless his Honor thought that the jury would more readily comprehend the question of fact upon which they were passing if their attention should be directed to it by the more specific inquiry. There is no restriction upon his power to settle the issues, except that they shall be such as arise out of the pleadings, such that upon the verdict the Court may proceed to judgment,

and such as to afford to the parties an opportunity to present to the jury any material view of the law arising out of the testimony which counsel may request·the Court to embody in the instructions.　*McAdoo* v. *Railroad,* 105 N. C., 140; *Denmark* v. *Railroad,* 107 N. C., 185; *Boyer* v. *Teague,* 106 N. C., 576; *Bonds* v. *Smith,* 106 N. C., 553.　It is familiar learning that a deed takes· effect from the time of its delivery, not from its date.　The law presumes, nothing further appearing, that a deed was delivered when it bears date, though it is not essential to its validity that it should contain a date at all, but the presumption may be rebutted by evidence *aliunde,* in which casè it becomes operative from the actual day. of delivery.　The whole controversy, therefore, depended upon the question whether the deed to Parker took effect before or after October 6th, 1880, when Edwards conveyed to Barnes, and the jury passed upon and settled that by finding the date of actual delivery to have been subsequent to that of the mortgage.

No other ground for the defendant's motion for judgment upon the verdict was suggested but that it does not appear from the admissions in the pleadings or the findings of the jury that the possession was demanded by the plaintiff and refused by the defendant.　If the possession of Joseph Parker was adverse to plaintiff, no notice to quit was required. But if he wished·to take advantage of the fact set forth in his deposition that he entered upon the land in 1879 under a verbal agreement with Wiley Edwards, and to insist that as the parol contract between them was void, he stood in the shoes of Edwards, the mortgagor, and was entitled to notice, he ought, in his answer, to have admitted the right of the plaintiff and pleaded the want of lawful notice. When a defendant, whether he might rightfully claim the relation to the plaintiff of lessee or tenant in common, " waives his right and disregards his opportunity to admit

by answer or disclaimer the true interest of the plaintiff," he cannot, after placing himself in a hostile attitude by disputing the plaintiff's title, fall back on a denial of the ouster, when every other defence has failed him. *Foust* v. *Trice,* 8 Jones, 490; *Allen* v. *Salinger,* 103 N. C., 14, and *Ibid.,* 105 N. C., 333; *Whissenhunt* v. *Jones,* 78 N. C., 361; *Gilchrist* v. *Middleton,* 107 N. C., 663.

But while a defendant is not allowed to blow hot and cold by falling back upon his rights as a tenant, after he has failed to establish his claim of ownership, he cannot by his pleadings make his occupancy adverse *ab initio* so as to mature title against the plaintiff, when in fact he has held under the plaintiff or those through whom he claims.

The defendant in his answer simply denies the allegations of the complaint. If he had any equitable right by virtue of his occupany under a parol agreement in 1879, which is not conceded, he has failed to set it up as a defence, and cannot now insist upon it.

The effect of discharging the mortgage debt to Parker with the surrender of the deed was unquestionably to make the second mortgage a first lien, and to vest the legal estate in the grantee therein named. The immediate execution of another deed could not operate to defeat the mortgage to Barnes. We did not understand (as his Honor below did not) that the defendant claimed under that mortgage, but it was introduced and appears as evidence in support of his contention for judgment. Upon a review of the exceptions we discover                         No Error.