SAMUEL G. SPENCER v. GEORGE W. HAMILTON.

*Breach of Contract—Measure of Damage—Evidence.*

1. Where one violates his contract he is liable only for such damages as are caused by the breach; or such, as being incident to the act of omission or commission, as a natural consequence thereof, may reasonably be presumed to have been in the contemplation of the parties when the contract was made.

2. Where, upon the trial of an action to recover rent in which the defendant set up a counter-claim for damages caused by plaintiff's breach of contract, it appeared that as a part of the contract of leasing the land the lessor had agreed to have certain ditches cleared out, and by reason of his failure to do so the land was flooded and the crop lessened, evidence as to the effect which such failure had upon the crop and to what extent it was damaged thereby was competent as affording a basis to the jury for the measurement of the damages sustained by the defendant by the breach of contract.

3. In such case the true measure of damages is, not what it would have cost the defendant himself to clear out ditches, but the defendant's loss by having to work an undrained instead of a drained farm. (*Sledge* v. *Reid*, 73 N. C., 440; *Foard* v. *Railroad*, 8 Jones (53 N. C.), 235, and other cases of like import distinguished.)

CIVIL ACTION to recover rent of a farm, heard before *Bynum, J.*, and a jury, at Spring Term, 1893, of the Superior Court of HYDE County.

The defendant set up a counter-claim for breach of contract on the part of the plaintiff to have certain ditches and canal on the land cleaned out.

Upon the trial the defendant proposed to ask of one witness what effect the failure to clean out the ditches and canal had upon the crop, and to what extent it was damaged thereby; and of another what was the difference in the yield of the land by reason of the failure to put the ditches and canal in order and the consequent flooding, and the yield if such ditches and canal had been put in order according to plaintiff's contract. The plaintiff objected to the questions upon

4

the ground that the measure of damages to which defendant was entitled, if any, was not the difference between what he would have made had the ditches and canal been put in order and what he did actually raise, but what it would have cost the defendant to have them put in proper condition, according to the contract of plaintiff. The objections were sustained, and defendant excepted.

His Honor instructed the jury that if the plaintiff contracted with defendant to put the ditches in order, or to furnish money to have such work done, and he failed to do so, the measure of damages would be what it would have cost defendant to have the work done, and would not be the difference in value of the crop raised upon the land as it was, and the crop which would have been raised had such ditches and canal been put in order.

ꭲ The jury, in their verdict, found that the plaintiff had failed to perform his contract in regard to the ditches and canal, and allowed defendant twenty-five dollars damages. From the refusal of his motion for a new trial, defendant appealed.

*Mr. W. B. Rodman*, for plaintiff.
*Mr. Chas. F. Warren*, for defendant (appellant).

CLARK, J.: " Where one violates his contract, he is liable only for such damages as are caused by the breach, or such, as being incidental to the act of omission or commission, as a natural consequence thereof, may reasonably be presumed to have been in the contemplation of the parties when the contract was made. This rule of law is well settled, but the difficulty arises in making its application." PEARSON, J., in *Ashe* v. *DeRossett*, 50 N. C., 299. There was evidence that defendant leased the land for $100, and as a part of the contract of leasing the lessor was to have certain ditches cleaned out, and by his failure to do so the land was flooded and the

crop' lessened. Here it was in contemplation of both parties that the cleaning out of the ditches was essential to the making a full crop, and that the failure to do so would lessen the production. The question, therefore, what effect the failure to clean out the ditches and canal had upon the crop, and to what extent it was damaged thereby, was competent, as giving some light to the jury in measuring the damages sustained by defendant by breach of the contract by lessor. The difference between the crop made and what would have been made if the ditches had been cleaned out, does not exactly measure the loss, as it would have cost something to house the additional yield. The true test is how much was the *net* yield of defendant's cropping for the year lessened by the failure to put the land in the condition stipulated for by the lessor. The decreased production was an important factor in arriving at that conclusion. The difference in profit and yield between land drained and not drained was clearly in contemplation of the parties in making the contract.

In telling the jury that the difference was what it would have cost defendant himself to clean out the ditches, the Court below erred. It is true the defendant might have put the ditches and canal in order, and if so he could have charged the lessor with the costs thereof. This would have been the better course; but perhaps he was not able. At any rate, he was not legally called upon to do this. It was the lessor who contracted to rent a drained farm, and the defendant's loss by having to work an undrained farm instead is the measure of damages.

The case of *Sledge* v. *Reid*, 73 N. C., 440, is not analagous. That was a case of tort for wrongfully taking a mule. The primary loss was the value of the mule, and that the taking him hindered, the plaintiff in making a crop was purely incidental and the damage to the crop was too remote. This case is more like *Mace* v. *Ramsey*, 74 N. C., 11, but differs from it in that here the farm was rented and the enterprise

proceeded with; but its profitableness was impaired by the failure of the lessor to do the draining after the lessee had proceeded with his farming operations, relying upon the lessor's stipulation. As in *Mace* v. *Ramsey*, we may say, "This case is easily distinguishable from *Foard* v. *Railroad*, 8 Jones (53 N. C.), 235; *Ashe* v. *DeRossett*, *ib.*, 240; *Boyle* v. *Reeder*, 1 Ired. (23 N. C.), 607, and *Sledge* v. *Reid*, 73 N. C., 440, and similar cases, in that in those cases the damage was incidental and unforeseen, or merely vague, uncertain and conjectural. And in this they are immediate, necessary and reasonably certain, and such as were in the contemplation of the parties to the contract."

Error.