### LEWARK v. RAILROAD CO.

(Filed February 21, 1905).

*Carriers—Breach of Contract—Measure of Damage.*

1. In an action against a carrier for damages for failure to deliver a shipment of ice, the measure of damage is the value of the ice at the point of destination, and not the loss on fish, in the absence of evidence that defendant knew, or should have known, from facts and circumstances connected with the shipment, or otherwise, that the ice was intended by plaintiff for packing fish.

2. When one violates his contract, he is liable only for such damages as are caused by the breach, or such damages, as being incidental to the breach as the natural consequence thereof, may reasonably be presumed to have been in the contemplation of the parties when the contract was made.

ACTION by G. H. Lewark and others against the Norfolk and Southern Railroad Company, heard by *Judge E. B. Jones* and a jury, at the Fall Term, 1904, of the Superior Court of CURRITUCK County.

From a judgment in favor of the plaintiffs for less than the relief demanded, they appealed.

*E. F. Aydlett,* for the plaintiffs.
*Pruden & Pruden,* for the defendant.

BROWN, J.   On November 14, 1902, the plaintiffs had shipped from Norfolk, Va., to themselves at Church Island, N. C., two tons of ice over the defendant's line.   The ice was never delivered, although by due course it should have reached Church Island the same day it was shipped.   It was admitted the plaintiffs were dealers in fish and desired the ice for their own use.

The sole exception in the record presents the question as to the measure of damage.   His Honor in the Court below charged the jury that the measure of damage was the value of the ice at Church Island on November 14, 1902.   To this instruction the plaintiffs excepted.   We find no error in the instruction.

The general rule for the measure of damage is tersely stated in *Ashe v. DeRosset,* 50 N. C., 299: "When one violates his contract he is liable only for such damages as are caused by the breach, or such as being incidental to the act of omission or commission, as the natural consequence thereof, may reasonably be presumed to have been in the contemplation of the parties when the contract was made."   In the well-known case of *Hadley v. Baxendale,* 9 Exc., 341, the plaintiff sought to recover damages which grew out of the special circumstances under which the contract was made, *i. e.,* the stopping of plaintiff's mill in consequence of the non-delivery of a shaft which was necessary to and was ordered for its operation.   This was refused, and the Court says in respect to it: "If the special circumstances under which the contract was made were communicated to the defendant and thus known to both parties, the damages result-

LEWARK *v.* RAILROAD CO.

ing from the breach of such contract, which they would reasonably contemplate, would be the amount of injury which would ordinarily follow from a breach of contract in the special circumstances so known and communicated. But, on the other hand, if these special circumstances were unknown to the party breaking the contract, he at most could only be supposed to have had in contemplation the amount of injury which would arise generally and, in the great number of cases, not affected by any special circumstances, from such a breach of contract." See, also, *Boyle v. Reeder,* 23 N. C., 607; *Foard v. Railroad,* 53 N. C., 235.

The plaintiffs' contention is that the measure of damage is the loss on fish. Such damages are too remote and could not have reasonably been within the contemplation of the defendant company when it accepted the ice for shipment. "If every one were answerable for all the consequences of his acts, no one could tell what were his liabilities at any moment." 3 Parsons on Cont. (5 Ed.), 179. "Every defendant shall be liable for those consequences which might have been foreseen and accepted as the result of his conduct, and not for those he could not have foreseen, and therefore under no moral obligation to take into his consideration." *Ibid.,* 180.

When the defendant accepted the ice at Norfolk for shipment, it could not foresee that the plaintiffs' fish would be spoiled or that the ice could be used for packing fish. The defendant did not know that plaintiffs had any fish at the time the ice was shipped. Nor is there any evidence that the defendant knew it at any time.

If the plaintiffs had shown by evidence that the defendant knew or should have known from facts and circumstances connected with the shipment, or otherwise, that the ice was intended by the plaintiffs for packing fish, the plaintiffs would have brought their case within the exception to the general rule.

137——25

LEWARK *v.* RAILROAD CO.

We have examined the evidence with care and fail to find any which could reasonably bring to the defendant's knowledge the fact that the shipment was other than an ordinary shipment. It had no knowledge of the special purpose.

*Neal v. Hardware Co.,* 122 N. C., 104, pressed upon our attention by the plaintiffs' counsel in his brief and oral argument, differs materially from the case at bar. Tobacco flues are different commodities. Ice is something of general everyday use all the year round and required for many different purposes. Persons in localities where tobacco is cultivated are presumed to know what a tobacco flue is intended for, and that if tobacco is not cured promptly when cut, serious loss will result.

In *Sledge v. Reid,* 73 N. C., 440, *Mr. Justice Bynum* says: "The loss of the crop, though following the loss of the mule, was neither a necessary nor natural consequence. * * * The value of the mule taken and the hire of another is the measure of the plaintiff's damage. Anything beyond this would be too remote and conjectural, and would, lead the courts into a boundless field of investigation." · See, also, Wood's Mayne on Damages, secs. 26 and 40. It is useless to multiply authorities, as the measure of damages in contracts for the sale or delivery of personal property has been discussed in many cases in the recent reports of this Court, and we find nothing in any of them to support the plaintiffs' contention  The judgment of the Superior Court is

Affirmed.

CONNOR, J., concurs in result.