## FALKNER v. PILCHER.

(Filed March 8, 1905).

*Appeal—Issues.*

1. In an action brought before a justice of the peace, against two defendants to recover damages for breach of contract, both defendants being non-residents, and being brought into court by publication and attachment, where judgment by default was rendered against one of the defendants, condemning the attached property to the payment of the judgment, it was error in the trial Judge, upon appeal by the other defendant, to refuse to submit an issue, made between the parties, as to the breach of the contract.

2. It is mandatory upon the trial Judge to submit issues that present the material facts in controversy, and when answered, they must be sufficient to dispose of the controversy and to enable the Court to proceed to judgment.

ACTION by Eugene Falkner against Pilcher & Co. and American National Bank, heard by *Judge T. J. Shaw* and a jury at October Term, 1904, of the Superior Court of VANCE County. From a judgment in favor of the defendant bank, plaintiff appealed.

Plaintiff sued defendants, Pilcher and the American National Bank, before a justice of the peace to recover $200, "due for damages for breach of contract in failing to deliver 600 bushels of corn in good condition after payment for same and demanded by plaintiff." The defendants, being non-residents, were brought into court by publication and an attachment was issued and levied on another and later shipment of corn. Pilcher did not appear and judgment by default was rendered against him for $141 with interest and costs. It was further adjudged that Pilcher owned the corn which had been attached, and it having been sold, the proceeds in the hands of the constable were condemned to

the payment of the judgment against him. The bank, who had appeared by attorney and resisted the suit, appealed from the judgment. At the trial in the Superior Court, the Judge ruled that "the ownership of the corn was the sole question for trial," the burden being upon the bank to show its title. Plaintiff excepted. The Court after the testimony had been introduced submitted this issue: "Was the corn attached the property of the American National Bank?" Plaintiff excepted to this issue upon the ground that it was insufficient to determine the rights of the parties because, if the jury should find that the bank is the owner of the corn, he would still be entitled to recover damages from the bank for the breach of the contract mentioned in the summons and in the return of the justice. The Court declined to submit any other issue and instructed the jury that the only question for them to consider was the ownership of the corn, and then gave further instructions as to the law upon that issue. Plaintiff in apt time excepted. The jury answered the issue "Yes." A motion by plaintiff for a new trial was overruled and he again excepted. Judgment was rendered for defendants and plaintiff appealed.

*H. T. Powell* and *T. M. Pittman,* for the plaintiff.
*T. T. Hicks* and *A. J. Harris,* for the defendant bank.

WALKER, J., after stating the case. It may be conceded as a general proposition that a party cannot complain because a particular issue was not submitted to the jury unless he tendered it, but the rule is subject to this qualification, that the issues submitted must in themselves be sufficient to dispose of the controversy and to enable the Court to proceed to judgment, for in that respect the duty of the Court to submit issues is mandatory. *Tucker v. Satterthwaite,* 120 N. C., 118; *Burton v. Mfg. Co.,* 132 N. C., 17. It was cer-

tainly not incumbent on the.plaintiff to tender the issue when the Court had already announced at the outset, that it would not submit it, nor to offer evidence in support of such an issue. *Davidson v. Gifford,* 100 N. C., 18. In this case the plaintiff alleged distinctly in the summons a cause of action against defendant bank as well as one against Pilcher. The justice's return to the Court also shows that such a cause of action was alleged, and it further appears therein that the bank denied its liability. So that here was an issue squarely made between the plaintiff and the bank as to the alleged breach of the contract to sell the plaintiff sound corn. The appeal of the bank brought to the Superior Court for trial, not only the issue as to the ownership of the corn, but also the issue as to the bank's liability for breach of the contract, for the trial was *de novo* and therefore embraced all litigated matters pending between the plaintiff and the bank. When the Court, in the beginning, refused to submit an issue as to the breach of the contract, the plaintiff excepted, and when the evidence had been introduced and the Court undertook to settle the issues, the plaintiff again excepted to the submission of the single issue as to the ownership of the corn and to the exclusion of any other issue. We have seen that all material issues must be submitted unless waived. *Gordon v. Collett,* 102 N. C., 532. How has the plaintiff waived his right to have the issue submitted? At every turn he has insisted upon it. It was surely not necessary to make a formal tender of the issue when the Court had positively ruled that it would not submit it. It would have been indecorous to do so. Again, the issues submitted must present the material facts in controversy, and they must, when answered, be sufficient to enable the Court to proceed to judgment and must also support the judgment rendered. *Vaughan v. Parker,* 112 N. C., 96; *Paper Co. v. Pub. Co.,* 115 N. C.,

147; *Hatcher v. Dabbs,* 133 N. C., 239; *Pearce v. Fisher, Ibid.,* 333. The jury have found that the bank is the owner of the corn, but how can the Court upon this finding, when considered with reference to the case made by the pleadings, proceed to judgment? The issue as to the ownership of the corn was ancillary to the main issue in the case as to liability, and was necessary only to determine whether, if the liability was established, it could be enforced by a condemnation of the corn or its proceeds, the defendant being a nonresident and the property having been attached in order to give the Court jurisdiction, and to secure the payment of any judgment recovered. *Fisher v. Ins. Co.,* 136 N. C., 217. If the bank is liable to the plaintiff and is the owner of the corn, the latter can be applied to the satisfaction of that liability. If the bank is liable to the plaintiff but is not the owner of the corn, the latter of course cannot be so applied. The liability is therefore the principal question involved and the Court cannot give judgment upon the verdict as it now stands. It must be supplemented by another finding as to the liability of the bank for a breach of the contract alleged in the pleadings, or, more correctly speaking, in the summons and the return of the justice, and the case will therefore be remanded with direction to submit an issue or issues presenting that question. The verdict upon the issue as to ownership of the corn will not be disturbed. If the jury find for the plaintiff upon the new issue, he will be entitled to judgment and to have the corn or its proceeds applied to the payment of the amount so found to be due, otherwise the bank will be entitled to the judgment.