## M. D. McKENZIE v. ANNA C. McKENZIE.

(Filed 19 October, 1910.)

**1. Divorce—Issues Material—Necessary Findings.**

Material issues raised by the pleadings must be submitted to and answered by the jury, and they must be sufficient to support the judgment and dispose of the matters in controversy.

**2. Same—Condonation.**

The issue of adultery in an action for divorce from the wife is material, and must be answered to establish the fact; and an answer to a subsequent issue finding that the offense, if committed, has been condoned does not necessarily find the fact of adultery.

**3. Divorce—Issues—Condonation—Pleadings — Objections and Exceptions.**

In an action for divorce for adultery of the wife, an objection to an issue of condonation because not specially pleaded must be made at the time the issue is submitted; thereafter it is too late.

APPEAL by plaintiff from *W. R. Allen, J.*, at the February Term, 1910, of COLUMBUS.

The facts are stated in the opinion of the Court.

*David J. Lewis* for plaintiff.
*Schulken, Toon & Schulken* for defendant.

WALKER, J. This is an action brought by the plaintiff against his wife, the defendant, for divorce upon the ground of her alleged adultery with one William Foreman. The court submitted issues to the jury, which, with the answers thereto, are as follows: "1. Were the plaintiff and the defendant married

as alleged? Ans., Yes. 2. Has the plaintiff been a resident of this State for more than two years prior to the commencement of this action? Ans., Yes. 3. Did the defendant commit adultery with William Foreman as alleged? (Not answered.) 4. If so, has the plaintiff condoned the offense? Ans., Yes." The plaintiff moved to set aside the verdict because the jury failed to answer the third issue. The motion was overruled and the plaintiff, having excepted, appealed from the judgment upon the verdict which was in favor of the defendant. The material issues of fact raised by the pleadings should be submitted to the jury and of course answered by them. *Davidson v. Gifford,* 100 N. C., 18, and the issues with the responses thereto must be sufficient to support the judgment and dispose of the matters in controversy. *Falkner v. Pilcher,* 137 N. C., 449. In this case, the principal·issue relates to the adultery of the defendant and the plaintiff was entitled to have the issue based thereon answered by the jury. If the jury had answered the third issue in the negative, an answer to the fourth issue would have been unnecessary, and if in the affirmative, then it would have been necessary for the jury to consider the fourth issue and to find whether or not the act of adultery had been condoned. The jury have not found that the defendant had committed adultery. There is no such finding in the answer to the fourth issue. The form of that issue and the answer of·the jury do not necessarily imply such a finding. The jury might well have answered that issue in the affirmative without having found the fact of adultery. If the jury had really considered the third issue and found that the defendant had committed the act of adultery, there is no reason why they should not have answered that issue. It is evident that they merely assumed that the act had been committed for the purpose of passing on the question of condonation. They should have been required to answer the third issue with proper instructions as to the remaining issue, as heretofore indicated.

The plaintiff's objection to the fourth issue upon the ground that condonation was not specially pleaded comes too late, as it was not made at the time the issue was submitted. *Kinney v. Kinney,* 149 N. C., 321. The motion of the plaintiff should have been granted and the verdict set aside.          New trial.