## HAYWOOD WILSON v. SOUTHERN RAILWAY COMPANY.

### (Filed 6 May, 1914.)

Railroads — Crossings—Trials—Evidence—Contributory Negligence
  —Issues—Judgments.

Where the plaintiff sues a railroad company to recover damages for a personal injury alleged to have been received by him in a collision with the defendant's train while attempting to cross its roadway on a public street of a town, upon the ground that the defendant's employee, charged with the duty, failed to give him warning before entering onto the right of way, and there is evidence that the plaintiff did not himself exercise the ordinary care required under the circumstances, judgment may not be given adverse to the defendant upon a verdict not answered upon the issue of contributory negligence; and it is further held that evidence of the drunken condition of the plaintiff was erroneously excluded on the trial of this case.

APPEAL by defendant from *Long, J.,* at December Term, 1913, of RANDOLPH.

Civil action for damages for a personal injury alleged to have been sustained by the plaintiff while attempting to cross the defendant's roadway, driving along the street of a city, by reason of the failure of the defendant, through its proper agent, to give the customary warning of the danger under the circumstances.

The following issues were submitted to the jury, and answered as indicated:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff, by his own negligence, contribute to his injury? Answer: ........

3. What damage, if any, has the plaintiff sustained by reason of said injury? Answer: $750.

His Honor rendered judgment for the plaintiff. The defendant appealed.

*John A. Barringer, J. A. Spence, G. A. Carver for plaintiff.*
*Manly, Hendren & Womble, John T. Brittain for defendant.*

SIZER *v.* SEVERS.

BROWN, J.   The court below erred in rendering judgment for plaintiff and ignoring the issue as to contributory negligence.   Contributory negligence is pleaded in the answer, and there is abundant evidence to justify its submission to the jury.   His Honor should have sent the jury back with directions to respond to that issue before receiving the verdict.   If the issue is answered favorably to the defendant, it bars recovery in this case.

The court also erred in ruling out evidence tending to prove that the plaintiff was drinking, and in a drunken condition at the time of the alleged collision with the defendant's engine; and that such condition caused the injury.

The judgment of the court is reversed, and a new trial is ordered on the second issue.

For these reasons there must be a

New trial.