## W. E. PERRY v. H. G. KIME.

(Filed 6 October, 1915.)

**Damages—Crops—Breach of Contract—Trials—Insufficient Evidence—Speculative Damages.**

In an action to recover damages to a crop for the alleged failure of the defendant to furnish a mule for the purpose under his agreement to do so, evidence of such damages which merely compares the yield of that year with what the plaintiff had previously made with a mule is too speculative and uncertain to be submitted to the jury upon the issue.

WALKER, J., concurs in the result.

APPEAL by defendant from *Bond, J.,* at the June Special Term, 1915, of CHATHAM.

This is an action to recover damages, the plaintiff alleging two causes of action, the first being for a breach of warranty in the sale of a mule, and the second being for breach of contract in failing to furnish the plaintiff with a mule with which to cultivate his crop.

The damages sought to be recovered under the second cause of action was a diminished yield of the crop.

The plaintiff offered evidence tending to support both causes of action, and the defendant offered evidence to the contrary.

The plaintiff testified, among other things, that: "As a result of failing to get a mule to cultivate his 1914 crop, he was not able to cultivate his crops, and that his crops suffered for the reason he could not cultivate the same. That he owned no lands at that time and was not able to buy other stock at that time, for the reason defendant had his crops and other property under mortgage for the mule which he took back and afterwards refused to furnish one in its place; that he relied on defendant's word to furnish a mule to cultivate his 1914 crop.

He was asked how much cotton he made last year.

Plaintiff replied: "Two bales." Defendant excepted.

Plaintiff was then asked how much more he would have made if he had had a good mule. And he replied that he generally made seven to eight bales of cotton and close to seventy-five barrels of corn, and that last year he did not make but twenty-five barrels of corn and something over two bales of cotton. Defendant excepted.

The jury returned the following verdict:

1. Did the defendant guarantee and warrant that the mule would work any and everywhere, all right, as alleged in the complaint? Answer: "Yes."

2. Was said guarantee and warranty false, as alleged in the complaint? Answer: "Yes."

3. What damage, if any, is the plaintiff Perry entitled to recover? Answer: "Two hundred and fifty dollars, with interest from date of mortgage."

4. Did defendant Kime satisfy and discharge all claims plaintiff Perry had against him? Answer: "No."

5. Did defendant Kime agree to furnish a mule to plaintiff Perry to cultivate his crop with, and fail to do so, and thereby cause damage to plaintiff? Answer: "Yes."

6. If so, what damage, if any, did the plaintiff sustain by reason of such failure on part of defendant? Answer: "Twenty-five dollars."

Judgment was entered upon the verdict in favor of the plaintiff, and the defendant excepted and appealed.

*A. C. Ray and Long & Long for plaintiff.*
*R. H. Hayes and F. W. Bynum for defendant.*

ALLEN, J. The right to recover damages for diminution in the yield of crops alleged to have been caused by breach of contract or by some tortious act has been recognized in several cases in our reports (*Spencer v. Hamilton,* 113 N. C., 49; *Herring v. Armwood,* 130 N. C., 177), but always with misgivings, because of the difficulty of ascertaining definitely the cause of the damage, and on account of the uncertainty, frequently amounting to speculation, of determining and estimating the result.

We have been confronted on one hand with the legal principle that, when there is a breach of contract or a tort, and damage ensues as the direct and natural result, the party injured is entitled to just compensation, and that the uncertainty as to amount is not more doubtful than in other cases in which recoveries are sustained here and elsewhere, such as profits in business under certain conditions and physical pain and mental anguish, and on the other, with the knowledge that so many and such diverse circumstances affect the yield of crops that it is almost impossible to find out the cause or to estimate the result.

The character of the soil and its condition; the kind of seed used, when planted and how; the preparation of the soil for planting; the quality of fertilizer, the quantity and the time and manner of its application; the cultivation of the crop; the harvesting of the crop; the seasons, and other circumstances enter into the estimate of what ought to be made, and when all are favorable it is rare that the owner of land gathers in the fall what he expected in the spring.

A delay of a week in planting may make or destroy the crop, and sometimes, under apparently similar conditions, there is a good crop on one side of the road and a poor yield on the other side.

These considerations have led to the conclusion that a recovery of damages on account of the diminished yield of the crop will not be allowed upon a mere comparison of the crop yield of one year with that of another (*Tomlinson v. Morgan,* 166 N. C., 560), and that is the case presented by the plaintiff.

He says he generally made seven or eight bales of cotton and seventy-five barrels of corn, and that in 1914 he made two bales of cotton and twenty-five barrels of corn, but he fails to state how the land was prepared, how it was cultivated, what was the rainfall, or to give any circumstance which would justify the jury in awarding damages upon his second cause of action.

There must, therefore, be a new trial upon the fifth and sixth issues.

We have carefully examined the exceptions relating to the first cause of action, and find no error.

Partial new trial.

WALKER, J., concurs in result.