TIRE AND RUBBER COMPANY v. MOTOR COMPANY.

(Filed 20 April, 1921.)

**Verdict—Issues—Answers—Judgment.**

> When the jury fail to answer issues as to the defendant's counterclaim, pleaded and with evidence to support it, and only find the issue as to plaintiff's demand in the affirmative, it is insufficient to support a judgment in plaintiff's favor, as impliedly answering the other issue against the defendant's claim.

APPEAL by defendant from *Ray, J.,* at November Term, 1920, of GUILFORD.

Civil action to recover the sum of $414.50, balance alleged to be due on contract for certain automobile tires sold and delivered the defendant under a written jobber's agreement. Defendant admitted execution of the contract and the nonpayment of a balance of $226.38 for tires duly received; but set up in defense and by way of counterclaim that the

plaintiff had breached the contract and had failed and refused to make shipments as specified in the agreement, by reason of which, defendant alleged and offered evidence tending to show that it had been damaged in the sum of $1,800.

Upon issues joined, the following verdict was rendered by the jury:

"1. Is defendant indebted to plaintiff; and, if so, in what amount? Answer: 'Yes, $414.50.'

"2. Did plaintiff breach its contract with defendant? Answer: ........

"3. What damages, if any, is defendant entitled to recover of plaintiff? Answer: ........"

Defendant in apt time lodged a motion to set aside the verdict because the second and third issues, relating to its counterclaim, had not been answered. This motion was overruled, and his Honor rendered judgment in favor of the plaintiff for $414.50. Defendant appealed.

*Justice & Broadhurst and O. C. Cox for plaintiff.*
*Brooks, Hines & Kelly for defendant.*

STACY, J. There was ample evidence tending to support the defendant's counterclaim, and we think the issues raised thereby must be answered before any final judgment can be entered in the cause. We are not at liberty to say that the jury intended to answer the issues against the defendant, because they did not answer them at all; nor do we think the answer to the first issue a necessary denial, by implication, of defendant's counterclaim. It is true, the jury evidently accepted plaintiff's contention as to the correct balance due for the tires sold and delivered to the defendant; but upon the question as to whether there was any breach of the contract, as alleged, and a refusal to ship other tires, which resulted in loss to the defendant, the verdict is silent.

In the case of *McKenzie v. McKenzie,* 153 N. C., 242, the following expression was used in speaking of a similar point raised on that appeal: "The material issues of fact raised by the pleadings should be submitted to the jury, and, of course, answered by them. *Davidson v. Gifford,* 100 N. C., 18. And the issues, with the responses thereto, must be sufficient to support the judgment and dispose of the matters in controversy." *Falkner v. Pilcher,* 137 N. C., 449. As suggested in *Wilson v. R. R.,* 165 N. C., 499, we think his Honor should have sent the jury back with directions to answer the remaining issues before receiving the verdict.

Had there been no evidence to support the counterclaim it might have been disregarded, but in the present state of the record the defendant's motion to set aside the partial verdict, as rendered, should have been allowed.

New trial.