L. D. GULLEY v. THOMAS RAYNOR.

(Filed 14 March, 1923.)

1. **Verdict—Issues—Responsiveness—Landlord and Tenant.**

In a landlord's action against his tenant to recover rent for his farm lands, the plaintiff took out claim and delivery for a bale of cotton the defendant had raised on the land, and the defense was a counterclaim for damages for the failure of the plaintiff to furnish sufficient fertilizer, etc., under the terms of the rental agreement, for the making of the crop. Upon the issues the jury failed to answer the one as to plaintiff's damage, and as to recovery on the defendant's counterclaim, "the bale of cotton in controversy": *Held,* the answer was not responsive to the issues or determinative of the rights of the parties, and the plaintiff is entitled to a new trial.

2. **Evidence — Conjecture— Damages—Crops—Fertilizer—Verdict—New Trials—Appeal and Error.**

　　Where defendant tenant sets up a counterclaim for damages, in plaintiff's action to recover rent for farm lands, that plaintiff had failed in his obligation to furnish fertilizer, etc., under the contract of rental: *Held*, the defendant's evidence should be definite, in support of his counterclaim, as to the kind of fertilizer, weather, and other conditions that would affect the raising of the crop, etc., and his testimony otherwise, as to the crop he could have raised had the fertilizer, etc., been furnished, is purely conjectural, and insufficient to sustain a verdict in his favor.

APPEAL by plaintiff from *Allen, J.,* at November Term, 1922, of WAYNE.

Civil action, brought by a landlord against his tenant, to recover rents for the year 1920. At the institution of the action, there was a bale of cotton seized by the plaintiff under claim and delivery and replevied by the defendant.

The defendant set up a counterclaim, alleging that the plaintiff had failed to furnish him funds with which to buy fertilizers, seed beans, etc., as he had agreed to do, and in consequence of which his crops were greatly diminished, and he was damaged in a large sum.

The defendant was allowed to give the following testimony over objection of plaintiff:

"Q. If the plaintiff had furnished you sufficient fertilizer and seed beans to have planted the entire crop, how many bushels of beans would you have realized therefrom? A. About 60 bushels to the acre, or about 900 bushels, as I rented about 15 acres from Mr. Gulley.

"Q. If the plaintiff had furnished you fertilizer, how many bales of cotton would you have made? A. I would have made eight or nine bales of cotton."

The jury returned the following verdict:

"1. What amount, if any, is the defendant indebted to the plaintiff, L. D. Gulley? Answer:

"2. Is the plaintiff, L. D. Gulley, indebted to the defendant, Thomas Raynor; if so, in what amount? Answer: 'The bale of cotton in controversy.'"

Judgment was entered dismissing the action at the cost of the plaintiff and he appealed.

*Hood & Hood and N. Y. Gulley for plaintiff.*
*No counsel for defendant.*

STACY, J. It is quite evident from the verdict, as rendered by the jury, that instead of answering the issues submitted to them, they have undertaken, in their own way, to adjust the differences between the

parties, with the usual result in such cases, to wit, an insufficient verdict. *Tire Co. v. Motor Co.,* 181 N. C., 230. Material issues raised by the pleadings and supported by evidence, as in the case at bar, should be submitted to the jury, and, of course, answered by them. *McKenzie v. McKenzie,* 153 N. C., 242. As suggested in *Wilson v. R. R.,* 165 N. C., 499, we think his Honor should have sent the jury back with instructions to answer both issues before receiving the verdict. All the evidence tended to show that the rent had not been paid according to agreement, and that the defendant, if entitled to recover anything of the plaintiff, was remitted to his counterclaim for damages. In this, there was no allegation or evidence that the plaintiff owed him any cotton. A verdict ought to dispose of the matters in controversy, and nothing should be left to conjecture. *Falkner v. Pilcher,* 137 N. C., 449. There was more in dispute than the bale of cotton, but apparently this is all that is settled by the verdict.

But the defendant's evidence as to the amount and value of the additional crops he would have made had the plaintiff furnished him with funds to buy other fertilizers and seed beans, in the form as offered, is apparently more uncertain and less susceptible of accurate calculation by the jury than the evidence in any case heretofore reported. *Spencer v. Hamilton,* 113 N. C., 49; *Herring v. Armwood,* 130 N. C., 177; *Tomlinson v. Morgan,* 166 N. C., 557; *Carter v. McGill,* 168 N. C., 507; *S. c.,* 171 N. C., 775; *Perry v. Kime,* 169 N. C., 540. There is nothing to show what kind of fertilizers and seed beans the defendant could have purchased, nor is there any suggestion as to the conditions and circumstances under which he would have used them. It does not even appear that the defendant was in position to care for any additional crops, or that he was able properly to cultivate what he had. There must be some reasonable basis upon which the jury may estimate, with a fair degree of certainty, the probable loss sustained, or else they will be left in a field of doubt and speculation, in which case their verdict could be no more than mere guess work. This the law cannot sanction or condone. *Guano Co. v. Livestock Co.,* 168 N. C., 452; *Brewington v. Loughran,* 183 N. C., 558.

For the errors, as indicated, there must be another trial, and it is so ordered.

New trial.