Civil action to recover damages for breach of rental contract.
There is evidence on the record permitting the inference that in December, 1937, defendant's intestate, Marcellus Smith, agreed to rent to the plaintiff for the ensuing year "four acres in tobacco, four acres in cotton and six acres in corn"; that it is the general custom "when the landlord furnishes the team, each gets one-half of the crop"; that plaintiff cleaned up the vacant house which he was to occupy on defendant's place, but was prevented from moving in because there had been "some backing out." Plaintiff worked elsewhere during 1938, but made very little.
From judgment of nonsuit entered at the close of plaintiff's evidence, he appeals, assigning errors.
Viewing the evidence in its most favorable light for the plaintiff, as we are required to do on motion to nonsuit, it appears to be sufficient to carry the case to the jury, albeit the damages shown would seem to be slight or only nominal. See Gulley v. Raynor, 185 N.C. 96,116 S.E. 171; Perry v. Kime, 169 N.C. 540, 86 S.E. 337; Machine Co.v. Tobacco Co., 141 N.C. 284, 53 S.E. 885; Herring v. Armwood, 130 N.C. 177,41 S.E. 96; Spencer v. Hamilton, 113 N.C. 49, 18 S.E. 167.
Reversed. *Page 353