WINSTON CIGARETTE MACHINE COMPANY v. WELLS-WHITEHEAD TOBACCO COMPANY.

(Filed 24 April, 1907).

Contract—Exhibit—Expenses—Recovery.—While costs and expenses are recoverable upon the breach by defendant of its duty under a contract to exhibit a certain machine of plaintiff for the purpose of advertisement and prospective sales of the same, they are such only as the plaintiff may have actually incurred in making the exhibit which it was the defendant's duty to do; when the plaintiff has made no such exhibit, it has incurred no expense or cost therein, and none, therefore, are recoverable.

CIVIL ACTION, tried before *Ward, J.,* and a jury, at the December Term, 1906, of the Superior Court of FORSYTH County.

*Manly & Hendren* and *Watson, Buxton & Watson* for plaintiff.

*F. A. Woodard, Connor & Connor,* and *Lindsay Patterson* for defendant.

WALKER, J. This case was before us at a former term (141 N. C., 284). We then held that the plaintiff could

recover, as it did, its actual outlay for expenses in preparing to have its machine exhibited, but not profits which, as it claimed, it would have realized if the machine had been exhibited, as they were speculative and too uncertain. At the last trial the plaintiff tendered two issues, viz.:

"1. Did the defendant notify the plaintiff it would not exhibit the machine at St. Louis at a time too late for plaintiff to make an exhibition of said machine at the said St. Louis Exposition?

"2. What would it have cost the plaintiff to have made an exhibition of said machine as defendant contracted to exhibit the same?"

The Court rejected those issues and submitted the following issue: "What amount, if any, is plaintiff entitled to recover for failure of defendant to exhibit the machine at the Universal Exposition, as alleged in the complaint?" and then instructed the jury to assess the damages, under this issue, at five cents, which the jury did, the plaintiff's counsel having stated that they had no other evidence on this issue than that introduced on the former trial. The plaintiff excepted to the refusal of the Court to submit the two issues tendered by it and to the issue submitted, and appealed from the judgment on the verdict.

The only question is, Can the plaintiff recover as damages what it would have cost it to exhibit the machine, it being too late when it was informed of the defendant's default to do so? In other words, Can it be permitted to recover the cost and expense of exhibiting the machine which it never paid and never incurred? If it had been notified in time that the defendant would not exhibit the machine, and had itself done so, it would be entitled to recover the reasonable cost of such exhibition; but when it had been fully repaid what it had paid out it would neither have gained or lost anything, and in this respect would be in

precisely the same condition as it is now. The law does not allow damages for money that might have been spent under such circumstances but which was not spent. It would not be necessary to do so in order to compensate the plaintiff for any loss sustained, because none would or could have been suffered. The cases cited by the plaintiff's counsel do not support his position. In *Sledge v. Reid,* 73 N. C., 440, the expression, "As far as the Court could go to that end would be to allow him the cost of the hire of another animal until his crop was made, and then to pay him for the one he had lost," was used with reference to cost or expense actually paid or at least incurred, and not merely to prospective or possible cost which might never be incurred. The other case, *Spencer v. Hamilton,* 113 N. C., 49, would seem to be an authority against the plaintiff's contention. It is there said that the measure of damages is not what it would have cost the defendant to clean out the ditches, which cleaning the plaintiff had agreed to do, but the loss resulting from having to cultivate an undrained instead of a drained farm, this being the only damage flowing from the breach. The Court, in that case, says it is true the defendant might have put the ditches and canal in order and have charged the plaintiff with the cost thereof, but he was not legally bound to do so, though it may have been better for his interests if he had done so. As he did not, in fact, clean them out, there was no loss to him on account of any expense of doing so, and he could not recover, upon the clear principle that no one can be allowed for the expense of doing that which he might have done, but has not done or undertaken to do. The privilege which the plaintiff had of paying out money, with the right to recover the amount so paid back again, cannot be considered as an element of damages.

There was no error in the ruling of the Court.

No Error.