CRUTCHFIELD HARDWARE COMPANY v. REID FOUNDRY AND MACHINE COMPANY.

(Filed 7 November, 1917.)

**Vendor and Purchaser—Contract—Breach—Trials—Nonsuit—Evidence.**

Where a contract for the sale of certain machines for the life of the contract provides that the vendor will ship such as he is able to supply, and will not be liable in damages for failure to fill any order, the purchaser must abide by the terms of the agreement; and where the vendor has shipped second-hand machines painted over, which the purchaser has refused, and has paid freight charges, which he has been repaid by the vendor, in the former's action to recover damages for the alleged breach of contract, the rejection of the second-hand machines by the purchaser was substantially the same as if the defendant had not filled the order, and the court's order of nonsuit was properly entered.

CIVIL ACTION, tried before *W. F. Harding, J.,* and a jury, at July Term, 1917, of DAVIDSON.

Defendant contracted with plaintiff to sell and deliver to it all goods ordered, during the continuance of the contract, that they may be able to supply, but was not to be liable in damages for failure to fill any order. Plaintiff ordered forty-five Pivot-axle Cultivators, and they were shipped to it by defendant, but proved to be second-hand and repainted cultivators, and plaintiff refused to receive them, and notified defendant they would not have them unless the latter would deduct $10 from the price of each one of the cultivators, which defendant declined to do. This suit was then brought to recover $450 for loss of profits which plaintiff alleged it would have made on a resale of the cultivators during the season if defendant had complied with its part of the contract by

properly filling the order. Plaintiff paid certain charges of the carrier, for freight, storage and drayage, for which he was paid by defendant. When this was done, defendant alleges in its answer that plaintiff threatened to attach the goods in order to secure payment of its damages for the breach of its contract. Defendant, before the expiration of the time limited in the contract, to-wit, 10 June, 1916, offered to ship new cultivators in place of the others, but this offer was refused by the plaintiff.

At the close of the testimony, the court ordered a judgment of nonsuit to be entered, and plaintiff appealed.

*Walser & Walser for plaintiff.*
*L. A. Martin for defendant.*

WALKER, J. We do not see upon what ground the plaintiff is entitled to recover damages after having expressly waived them by a stipulation in the contract. It was undoubtedly lawful to do so, and the parties were at arm's length when they made their agreement, and, therefore, are bound by its terms. They must perform as they have contracted. 7 Am. & Eng. Enc., 118; *Dwight v. Ins. Co.,* 103 N. Y., 347.

What is said in *L. H. Engine Co. v. Paschall,* 151 N. C., 27, is so pertinent to the facts of this case that we content ourselves simply with this quotation therefrom: "There is a sweeping limitation of liability in these words, 'We assume no liability for damages on account of delay.' Again, 'It is agreed that no liability shall attach to us on account of damages or delays caused by such defective material.' And the instrument closes with a provision by which the performance of the contract by the engine company may be avoided entirely, for 'this contract is contingent upon strikes, accidents or other delays unavoidable or beyond our reasonable control.' Thus we have before us a contract which exempts the seller from any liability on account of any delay in executing it, also for defective material, and then provides that he may avoid the contract entirely on account of strikes, fires, etc. The instrument would appear to be one made almost entirely for the seller's protection, with but little regard for the buyer's interests. Yet we are constrained to hold that it is a valid contract, and that the only question is one of construction. We have not been cited to any precedent or other authority, and our own investigations have failed to discover a case in point; so we have to go upon the 'reason of the thing' and the plain letter of written instrument. It is common learning that any contract entered into voluntarily between competent parties is valid and generally will be enforced unless it contravenes some settled principle of public policy or is based upon an immoral consideration or entered into

to accomplish an unlawful or immoral purpose. The contract under consideration is tainted with nothing of that sort, and the parties are undoubtedly competent to make it. The plaintiff seller is a private corporation, and so is the defendant purchaser. Neither is affected with a public use and thereby prohibited from entering into a contract which exempts it from liability arising from the negligence of its servants. As the contract is lawful and expressed with definiteness and certainty, the Court is not at liberty to alter it by construction or make a new agreement for the parties. Chitty on Cont. (11 Am. Ed.), 92."

The clause in that contract which was attacked is fully as sweeping in its terms as the one now being considered. The case of *Heagney v. Machine Co.,* 96 N. W. Rep., is to the same effect. When the defendant failed to ship the goods called for in the contract, and plaintiff rejected those which were shipped, it was substantially the same as if the defendant had not filled the order at all. Plaintiff had the right to reject the goods as not in compliance with the contract, and the parties, by their conduct, evidently agreed that the transaction should be canceled and treated as if there had been "no filling of the order." Plaintiff was entitled to recover the amount it had advanced for the payment of freight and other charges specified, but this has been paid. *Machine Co. v. Tobacco Co.,* 144 N. C., 421.

We have not considered the question as to whether the only damages claimed by plaintiff are speculative or too remote. Defendant alleges that they are, and in support of this position cites *Machine Co. v. Tobacco Co.,* 141 N. C., 284; *Hardware Co. v. Buggy Co.,* 167 N. C., 423; *Griffin v. Culver,* 16 N. Y., 489; *Ashe v. DeRosset,* 50 N. C., 299.

In any reasonable view of the case, the judgment was correct.

Affirmed.